**Floyd THOMPSON, Appellant,**

v.

**Nathaniel BALLARD, Appellee.**

**No. 12–03–00339–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 4, 2004.

Rehearing Overruled Aug. 30, 2004.

---

9. *Bradley v. State,* 119 S.W.3d 407 (Tex.App.-  Houston [1st Dist.] 2003, no pet.)

Robert M. Minton, Waldrop, Shaw, Minton & Brown, Henderson, for appellant.

Nathaniel Ballard, pro se.

Panel consisted of WORTHEN, C.J., DeVASTO, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## OPINION

BILL BASS, Justice (Retired).

Appellant Floyd Thompson appeals from the denial of a bill of review. In one issue, Thompson contends that he was denied his right to appeal due to official misconduct and therefore the trial court abused its discretion in denying the bill of review. We affirm.

### BACKGROUND

On January 12, 2001, Appellee Nathaniel Ballard filed suit in the small claims court of Rusk County, Precinct 3, claiming that Thompson continued to drive heavy equipment across Ballard's property despite Ballard's repeated objections. Ballard claimed that he had suffered $5,000 damages because of the resulting damage to his yard and water lines. Both Ballard and Thompson appeared in person when the case was heard in the small claims court on March 16, 2001. The court rendered judgment for Ballard, the judgment stating in pertinent part as follows:

ORDERED, ADJUDGED AND DE-CREED BY THE COURT THAT THE PLAINTIFF, DO HAVE AND RE-COVER OF DEFENDANT, THE SUM OF *$5,000.00,* WITH INTEREST THEREON AT THE RATE OF *–0–%* PER ANNUM, TOGETHER WITH COSTS IN THIS BEHALF EXPEND-ED, AND FOR WHICH LET EXE-CUTION ISSUE IN PLAINTIFF'S BEHALF. THIS IS WITH THE UN-DERSTANDING BETWEEN NA-THAN BALLARD, PLAINTIFF AND FLOYD THOMPSON, DEFENDANT THAT WHEN DEFENDANT, FLOYD THOMPSON FIXES THE SEWAGE LINE TO THE SATISFACTION OF SEWAGE INSPECTIOR [SIC], BRUCE GASSAWAY, THE JUDGE-MENT [SIC] OF $5,000.00 WILL BE DISMISSED AND PLAINTIFF, NA-THAN BALLARD WILL TAKE NOTHING (–0–) IN THIS CASE.

IN THE EVENT THAT THE SEW-AGE SYSTEM IS NOT FIXED IN A TIMELY MANNER THE SUM OF $5,000.00 IS DUE IN FULL, TOGETH-ER WITH COSTS IN THIS BEHALF EXPENDED, AND FOR WHICH LET EXECUTION ISSUE IN PLAIN-TIFF'S BEHALF.

The clerk of the small claims court sent no copy of the judgment to Thompson. Thompson took no action thereafter to repair the sewage lines on Ballard's property, nor was the sewage inspector, Bruce Gassaway, called to approve any repairs.

On May 10, 2001, almost two months after the rendition of the March 16, 2001 judgment, and after its plenary power had expired, the justice court of Rusk County, Precinct 3, Place 1, entered another judgment under the same case number titled "Default on Judgment and Order." The judgment recited that the defendant, Floyd Thompson, though duly served, had failed to appear. The judgment further recited that Ballard's claim against Thompson was a liquidated claim *"proved by an instrument of writing purported to have been executed by the defendant. . . ."* Thompson never received notice of this proceeding, and he never received a copy of the judgment until a year later when he attempted to sell property and was told that there was a judgment against him.

Thompson filed his petition for bill of review in May 2002 seeking to set aside both judgments entered in the cause. The justice court denied all relief, and the matter was appealed to the county court at

law. The county court at law conducted a hearing on the bill of review. The court orally rendered judgment denying the bill of review as to the March 10 judgment, but granting the bill of review as to the May 10 judgment. In the written order entered, the court declared the May 10 judgment void and denied the bill of review of the March 16 judgment.

On appeal, Thompson contends the trial court erred in not granting a bill of review of both judgments. Thompson contends that since he did not receive a copy of the judgment rendered March 16, 2001, he was denied the opportunity to appeal the case to the county court at law. He complains that the second judgment was rendered without notice or hearing and that the court failed to send him a copy of the judgment. Therefore, he was denied the opportunity to request a new trial or to appeal because of the misconduct of the court.

### Applicable Law

■ "[O]nly one final judgment shall be rendered in any case except where it is otherwise specially provided by law." TEX.R. CIV. P. 301. A court may not retry the case and render another final judgment unless it sets aside the judgment previously rendered. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941). Where a judgment is filed, a subsequent judgment in the same case is a nullity. *Id.* Where a void judgment has been rendered and the record reflects its invalidity, the trial court has the duty to set aside the judgment even if the petition does not satisfy all the requisites of a bill of review. *Consol. Underwriters v. McCauley,* 320 S.W.2d 60, 62 (Tex.Civ.App.-Beaumont 1959, writ ref'd n.r.e.).

■ Only a final judgment is subject to attack by a bill of review. 48 TEX. JUR.3D *Judgments* § 222 (1998). It is the only remedy available to set aside a final judg-ment where the judgment is not void on its face. *Id.* Final judgment in a bill of review proceeding should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment. *See Baker v. Goldsmith,* 582 S.W.2d 404, 409 (Tex.1979). Only one final judgment may be entered in a bill of review action. *Id.*

■ In a case where the parties have participated at trial and the losing party has been prevented from filing a motion for new trial or perfecting an appeal, in order to prevail upon a petition for bill of review, the petitioner must satisfy the following requirements set forth in *Petro–Chemical Transport v. Carroll,* 514 S.W.2d 240 (Tex.1974):

(1) a failure to file a motion for new trial or a failure to advance an appeal;

(2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake;

(3) unmixed with any fault or negligence on the petitioner's part; and

(4) a meritorious ground of appeal.

*Id.* at 244–46; *see also McDaniel v. Hale,* 893 S.W.2d 652, 659–63 (Tex.App.-Amarillo 1994, writ denied).

■ In support of his assertion that he has a meritorious ground of appeal, the bill of review plaintiff must "allege with particularity, sworn facts sufficient to con-stitute a [meritorious] defense." *Baker,* 582 S.W.2d at 408. In a situation where the petitioner seeks relief by bill of review because he had lost his chance to file a motion for new trial or his chance of ap-peal, a meritorious defense means a "meri-torious ground of appeal." *Petro–Chemi-cal,* 514 S.W.2d at 245. "A meritorious ground of appeal means a claim that would likely be a successful point of error in the court of appeals." *McDaniel,* 893 S.W.2d

at 672. The petitioner must then, as a pre-trial matter, present to the court, prima facie proof to support his claims of a meritorious ground on appeal. *Petro–Chemical,* 514 S.W.2d at 245; *McDaniel,* 893 S.W.2d at 663. At this initial hearing, the only relevant inquiry is whether the petitioner has made a prima facie showing of a meritorious ground of appeal. *See Beck v. Beck,* 771 S.W.2d 141, 142 (Tex. 1989); *Martin v. Martin,* 840 S.W.2d 586, 591 (Tex.App.-Tyler 1992, writ denied). "[A] meritorious ground of appeal means a meritorious claim, whether that claim be a meritorious defense to the cause of action or ... a meritorious ground for the modification of the judgment...." *See McDaniel,* 893 S.W.2d at 667. In *Baker,* the supreme court explained what constitutes a prima facie defense or claim and how it is to be presented.

> Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with *such other evidence* that the trial court *may receive in its discretion.* The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

*Baker,* 582 S.W.2d at 409 (emphasis added).

### ANALYSIS

It often occurs, as it did in this case, that the trial court does not follow the suggested procedure and makes no pre-trial determination as to whether the bill of review petitioner has made a prima facie showing of a meritorious defense (or ground of appeal), but tries all the bill of review issues together. However, the most peculiar aspect of this case is that the small claims court rendered two judgments under the same cause number. We shall first address the matter of the first judgment entered.

■ Thompson's petition thoroughly documents the failure of the small claims court to send him a copy of the judgment of the March 16, 2001 judgment. The evidence received by the county court at law fully substantiates this failure. Almost all of Thompson's evidence relates to the numerous irregularities in the small claims court, and his entire argument deals with these procedural vices. In his testimony at the bill of review hearing, however, Thompson did not deny that he was present at the trial on March 16, 2001 and that he at least heard the judgment rendered against him.

Thompson's petition for bill of review alleged that he had a meritorious defense to the action, but that assertion was entirely unsupported by affidavits, admissions, or other evidence under oath constituting prima facie proof that he had a meritorious ground of appeal whose presentation on appeal was frustrated by the small claims court's failure to give him notice of the judgment's entry.

■ At the bill of review hearing, Thompson simply denied that he had damaged Ballard's property and asserted that he had no intention of repairing Ballard's damages. The evidence at the bill of review trial suggests that Thompson seeks the opportunity to relitigate the issues presented and passed on by the small claims court at the trial on March 16, 2001. A bill of review does not lie where the facts and issues urged as a defense to the original suit existed and were within the knowledge of the petitioner at the time of trial. Equity cannot be invoked to obtain a retrial of

issues that were or could have been presented to the trial court. *See Kelly v. Wright,* 144 Tex. 114, 188 S.W.2d 983, 986 (1945). There is no evidence that Thompson possessed a defense to Ballard's claim that he was prevented from presenting by the error of the small claims court or by the fraud or other acts of Ballard. In his pleadings, Thompson did not allege, nor does the proof disclose, what meritorious ground of appeal he possessed whose presentation was frustrated by the mistake of the small claims court in failing to give him notice of the judgment. Absent a prima facie showing of a meritorious ground of appeal, Thompson was not entitled to the equitable relief requested in his petition for bill of review. The county court at law properly refused to grant the bill of review as to the March 16, 2001 judgment.

The county court at law also properly declared the subsequent judgment entered in the same case to be void. Neither party contends that the judgment of March 16 was not a final judgment. A judgment rendered subsequent to the filing of a final judgment in the same case is a nullity, unless the trial court properly vacates the judgment previously rendered. *Woosley v. Smith,* 925 S.W.2d 84, 87 (Tex. App.-San Antonio 1996, no writ) (citing *Mullins,* 150 S.W.2d at 84). In the instant case, the justice court entered a second judgment under the same cause number after the court's plenary power had expired. The proceeding recited in the default judgment of May 10, 2001 was held without service of citation on Thompson and without any other notice to Thompson or Ballard. The judgment recites that it was based upon a liquidated demand evidenced by an instrument in writing. No complaint in the record alleges a liquidated demand based on an instrument in writing, and neither party contends that, in this case, one ever existed. Thompson also never received notice of the entry of the second judgment.

Under these facts, the county court at law had the duty as well as the power to declare the second judgment a nullity. *See McCauley,* 320 S.W.2d at 62. In determining the judgment to be void, the court granted Thompson all the relief possible relative to the second judgment, and Thompson's complaint regarding the court's action is without merit. Thompson's issues are overruled.

### DISPOSITION

Having concluded that the trial court correctly denied bill of review of the March 16, 2001 judgment and correctly declared the subsequent judgment of May 10, 2001 to be void, we *affirm* the judgment.