NUMBER 13-05-586-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MINERVA FONSECA, Appellant,


v.


ROSENDO PEREZ, Appellee.

 


On appeal from the 28th District Court of Nueces County, Texas


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 By one issue, appellant, Minerva Fonseca, appeals the dismissal of her petition for
bill of review. (1) We affirm the trial court's judgment. (2) 

I. Procedural History

 On March 9, 2004, Fonseca filed suit for divorce in the 28th Judicial District Court,
Nueces County, Texas. (3) In response, Rosendo Perez filed a no-evidence motion for
summary judgment. After a hearing on the motion, in which both parties participated, the
trial court orally granted Perez's motion. Judgment was signed on November 11, 2004. 
Fonseca timely filed a motion for new trial on November 30, 2004, contending the trial court
erred in overruling her motion for continuance. (4) After a hearing on the motion, the trial
court denied Fonseca's motion for new trial. Fonseca's notice of appeal was due on
February 9, 2005, but was not filed until March 22, 2005. On May 5, 2005, this Court
dismissed Fonseca's appeal for want of jurisdiction. (5) Fonseca did not appeal from this
Court's decision. 

 On May 10, 2005, Fonseca filed a petition for bill of review in the 28th District Court,
attacking the November 11, 2004 order granting Perez's summary judgment on grounds
that she was unaware of the signed order granting Perez's motion for summary judgment
until April 11, 2005. (6) Fonseca asked the trial court to (1) set aside and vacate the
November 11, 2004 judgment, (2) place her divorce proceeding back on the docket, or in
the alternative (3) reform the final judgment date to indicate the date the bill of review is
granted, or in the alternative (4) reform the date of the final judgment to indicate the date
she received notice, specifically April 11, 2005. 

 In response, Perez filed a plea to the jurisdiction, motion to dismiss and
motion/request for protective order. Perez argued that Fonseca's bill of review failed to
satisfy the requirements for a bill of review. (7) On June 14, 2005, the trial court granted
Perez's motion, dismissed Fonseca's bill of review, and granted Perez's request for a
protective order. On July 13, 2005, after her petition for bill of review had been dismissed,
Fonseca filed a sworn amended petition for bill of review along with a sworn motion for new
trial asking the trial court to reconsider it's ruling on the bill of review. (8) The motion for new
trial was overruled by operation of law. This appeal ensued.

II. Bill of Review 

 By her sole issue, Fonseca challenges the trial court's dismissal of her petition for
bill of review. 

 A bill of review is an equitable proceeding by a party to a former action who seeks
to set aside a judgment that is no longer appealable or subject to a motion for new trial. 
Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999); Baker v. Goldsmith, 582
S.W.2d 404, 406 (Tex. 1979). In a case such as this, where the parties have participated
at trial and the losing party has been prevented from filing a motion for new trial or
perfecting an appeal, in order to prevail upon a petition for bill of review, the petitioner must
satisfy the following requirements set forth in Petro-Chem. Transport v. Carroll, 514 S.W.2d
240, 244-46 (Tex. 1974): (1) a failure to file a motion for new trial or a failure to advance
an appeal; (2) caused by the fraud, accident, or wrongful act of the opposing party or by
an official mistake; (3) unmixed with any fault or negligence on the petitioner's part; and (4)
a meritorious ground of appeal. See Thompson v. Ballard, 149 S.W.3d 161, 164 (Tex.
App.-Tyler 2004, no pet.); see also McDaniel v. Hale, 893 S.W.2d 652, 659-63 (Tex.
App.-Amarillo 1994, writ denied). 

 As a pretrial matter, the petitioner must present prima facie proof to support her
claims of a meritorious ground on appeal. Petro-Chem. Transport, 514 S.W.2d at 245-46;
Thompson, 149 S.W.3d at 165. Thus, the only relevant inquiry initially is whether the
petitioner has made a prima facie showing of a meritorious ground of appeal. Thompson,
149 S.W.3d at 165 (citing Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989); Martin v.
Martin, 840 S.W.2d 586, 591 (Tex. App.-Tyler 1992, writ denied)); see Petro-Chem.
Transport, 514 S.W.2d at 245-46. If a prima facie meritorious ground of appeal is shown,
the judge then conducts a trial on the merits of the bill of review. See In re L.N.M., 182
S.W.3d 470, 474 (Tex. App.-Dallas 2006, no pet.). However, if the petitioner fails to make
a prima facie showing, the proceeding terminates, and the case is dismissed. See Baker,
582 S.W.2d at 408-09; In re L.N.M., 182 S.W.3d at 474-75. Thus, we first address whether
the trial judge erred in failing to find that Fonseca made a prima facie showing of a
meritorious ground of appeal. "A meritorious ground of appeal means a claim that would
likely be a successful point of error in the court of appeals." McDaniel, 893 S.W.2d at 672.

 After reviewing the record, we conclude Fonseca failed to make a prima facie
showing of a meritorious ground of appeal. Although Fonseca's petition for bill of review
pleads the second element for a bill of review, specifically "official mistake," (9) she
completely failed to plead or prove the remaining requirements: (1) a meritorious claim or
defense, (10) and (3) the absence of fault or negligence of the complainant. (11) Accordingly,
we hold the trial court did not err in dismissing the bill of review. Fonseca's sole issue on
appeal is overruled. 

 We affirm the trial court's judgment dismissing Fonseca's petition for bill of review.


 

 _________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 17th day of August, 2006. 
1. We note that Fonseca seems to contend the trial court failed to hold a hearing on the bill of review
to determine whether or not she had a meritorious defense on appeal. However, the record is unclear as to
whether a hearing was held or not. The order dismissing Fonseca's claim states, "on this day came to be
heard Respondent's Plea to Jurisdiction, Motion to Dismiss and Motion/Request for Protective Order, and the
Court, after considering the motion and pleading filed herein is of the opinion that the following order should
issue . . . ." Either way, Fonseca's argument on appeal focuses on the dismissal of the bill of review and the
merits as opposed to entitlement to or lack of a hearing. Accordingly, we review whether the trial court erred
in dismissing Fonseca's bill of review. 
2. Perez filed a motion to dismiss. The motion has been carried with the case. Given the disposition
of the appeal, the motion is dismissed as moot.
3. Trial Court Cause Number 04-1317-A. 
4. Fonseca filed the motion for continuance on the day of the summary judgment hearing. Fonseca's
motion pled inadequate time for discovery and sought additional time to cure defects in the affidavits she filed
in response to Perez's motion for summary judgment. 
5. Appellate Cause Number 13-05-193-CV.
6. Trial Court Cause Number 05-02335-A. 
7. Among other things, Perez asserted that Fonseca's bill of review was inadequate because Fonseca
did not allege a meritorious defense. 
8. We note that Fonseca's post-dismissal "amendment" is a new lawsuit, not an amendment. See
Cunningham v. Fox, 879 S.W.2d 210, 212 (Tex. App.-Houston [14th Dist.] 1994, writ denied) (holding that
petition "amended" post-dismissal was a new lawsuit, not an amendment). Accordingly, the July 13, 2005
petition is not before us.
9. Fonseca's complaint that the clerk failed to send written notice of the trial court's signing of the order
falls within the category of "official mistake." See Tex. R. Civ. P. 306a. A bill of review complainant who
establishes "official mistake" is relieved of proving that his failure to present a meritorious claim or defense
was caused by the wrongful conduct of the opposing party, the second element of a bill of review. Transworld
Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 408 (Tex. 1987). An official mistake occurs when a court
official commits error in the discharge of his official duties, and that error prevents the complainant from
presenting his defense in the former action or from challenging the judgment by post-judgment actions or
appeal. Baker v. Goldsmith, 582 S.W.2d 404, 407 (Tex. 1979). 
10. Assuming, arguendo, that Fonseca's post-dismissal amended petition for bill of review is really an
amendment, we would hold that she failed to make a prima facie showing of a meritorious ground of appeal. 


 Fonseca's amended petition for bill of review pleads, as a meritorious defense, that the trial court
abused its discretion in denying her motion for continuance to cure defects in her affidavits filed in response
to Perez's motion for summary judgment. However, "abuse of discretion" is not a proper subject for a bill of
review. See Earp v. Earp, 688 S.W.2d 245, 248 (Tex. App.-Fort Worth 1985, no writ) (stating "[w]e find that
appellant is basically contending that the trial court abused its discretion in its division of the parties'
community property. Abuse of discretion is not a proper subject for a bill of review. Accordingly, we hold that
appellant has not set forth a meritorious defense and her point of error one is hereby overruled."); see also
McDaniel v. Hale, 893 S.W.2d 652, 668 n.28 (Tex. App.-Amarillo 1994, writ denied); Arndt v. Arndt, 714
S.W.2d 86, 88 (Tex. App.-Houston [14th Dist.] 1986, no writ) (stating "[c]onsidering the counter-balancing
goals of finality of judgments and the elimination of endless litigation, . . . abuse of discretion is not a proper
subject for a bill of review."). 
11. We note that although Fonseca contends she did not receive written notice of the court's signing
of the summary judgment, she acknowledges that she acquired actual knowledge of the trial court's granting
of summary judgment on the date of the hearing, November 11, 2004. See Tex. R. Civ. P. 306a. Further,
Fonseca's November 30, 2004, motion for new trial asked the trial court to "set aside the order granting
Respondent's motion for summary judgment." It is clear Fonseca could have proceeded to perfect an appeal
within thirty days from her November 30, 2004 motion for new trial in which she acknowledged she knew an
order existed. See id. Despite this possibility, Fonseca waited until March 22, 2005 to file an untimely appeal. 
Fonseca does not attempt to explain in either petition for bill of review how her failure to file a timely appeal
was unmixed with any fault or negligence of her own.