Opinion issued September 23, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00579-CV

———————————

In the interest of B.G., a child



 



 

On Appeal from the 308th District Court

Harris County, Texas



Trial Court Case No. 2007-74054

 



 

MEMORANDUM OPINION

          Appellant,
Eduardo S. Gutarra, appeals the trial court’s
dismissal of his petition for an equitable bill of review following the
termination of his parental rights to his daughter, B.G.  Eduardo asks that this Court vacate and set
aside the trial court’s dismissal, and he requests a
new hearing on his petition for equitable relief.

We affirm.

Background

          Eduardo
filed his petition for a bill or review in connection with a termination
proceeding brought by the appellee, his ex-wife
Adriana V. Thames.  In April 2005,
Adriana filed an original petition to terminate Eduardo’s parental rights to B.G.
and to create a parent-child relationship between B.G. and appellee’s
husband, Phillip Thames.  At the June 25,
2007 bench trial on the termination, Eduardo, represented by counsel, contested
Adriana’s claims of voluntary abandonment, contending that he was unable to see
his daughter because Adriana had secreted the child.  On August 24, 2007, the trial court found in
favor of Adriana and issued an order terminating Eduardo’s parental rights.  The trial court found that Eduardo
“voluntarily left his child in the possession of another” and “failed to
support the child in accordance with his ability” for at least one year prior
to Adriana’s filing of the termination suit.  The trial court signed an order granting
adoption on August 31, 2007, establishing a parent-child relationship between B.G.
and Phillip Thames.

          On
November 15, 2007, Eduardo filed in this Court a notice of appeal of the termination
order; he did not appeal the adoption order.  In
re B.H.G., No. 01-07-01001-CV, 2008 WL 4837497, at *1 (Tex.
App.—Houston [1st Dist.] Nov. 6, 2008, no
pet.) (mem. op.).  Subsequently,
Adriana filed a motion to dismiss the appeal contending that Eduardo’s notice
of appeal was untimely and, thus, we lacked subject matter jurisdiction.  Id.  Eduardo conceded that the notice of
appeal was untimely, but he opposed Adriana’s motion to dismiss on the ground
that his appellate counsel, through no fault of Eduardo’s, failed to timely
perfect the appeal.[1]  Id.  On November 6, 2008, this Court dismissed
Eduardo’s appeal for lack of subject matter jurisdiction.  Id.

          On
December 6, 2007, during the pendency of his direct appeal, Eduardo filed a
petition for an equitable bill of review in the trial court seeking to set aside and rescind the August 24, 2007 termination
order.  In his petition, Eduardo again alleged
that (1) Adriana had fraudulently secreted his daughter and prevented him from
visiting the child; (2) he did not voluntarily abandon his child; and (3) he
paid child support for at least one year prior to the termination suit.  He also alleged that “the court appointed
amicus attorney . . . did not visit with Eduardo Gutarra
and the child together, nor did she otherwise execute her duties under Texas
Family Code section 107.003”;[2]
that his trial counsel “did not adequately represent him at trial and made
numerous, significant errors”; and that his appellate counsel, through no fault
of Eduardo’s, did not timely file a notice of appeal.

Eduardo’s petition for bill of review stated
generally that his claims are based on the fact that

(a)
he had meritorious claim(s) or defense(s) in the underlying termination action;
(b) he was prevented from raising these claims or defenses by . . . fraud,
accident or wrongful acts and omissions through no fault of his own; and ([c])
the acts and omissions complained of were unmixed with any negligence on the
part of Eduardo Gutarra[,] who exercised due diligence in attempting to present any
and all known issues.

 

Eduardo also alleged in the alternative “that an
‘official mistake’ occurred which prevented him from raising certain material
claims and defenses, and from presenting key evidence earlier.”  Although the petition was accompanied by Eduardo’s
sworn statement that the facts alleged in the petition were true, he did not
plead specific facts or outline specific claims or defenses that he was
prevented from presenting.  Nor did he file
or present any evidentiary materials to support the allegations in his
petition.

Adriana filed a motion to dismiss Eduardo’s petition
for a bill of review, contending that his petition did not allege, with particularity,
facts necessary to support bill of review relief.  Specifically, Adriana contended
that the petition: (1) did not allege or provide prima facie proof of a
meritorious ground of appeal, (2) did not allege extrinsic fraud on her part,
(3) admitted that Eduardo was responsible for the untimely appeal due to
the negligence or mistake of his counsel, and (4) did not plead or provide
prima facie proof that official mistake caused Eduardo’s untimely appeal.  Eduardo did not file a response to Adriana’s motion
to dismiss.

The trial court held a hearing on Eduardo’s bill of
review, in which Eduardo’s appellate counsel alleged that the trial court made
numerous errors during the termination proceeding.  She also confirmed that the termination was
granted after a trial at which Eduardo participated and that Eduardo attempted
to appeal but was prevented from doing so because one of her associates failed
to perfect the appeal.  Adriana’s
attorney interjected, “[Eduardo] appealed afterwards.  [He] lost.” 
The trial court asked, “What’s the equity, unmixed with fault on your client[’s part]?” 
Eduardo’s counsel responded by restating Eduardo’s allegation that
Adriana moved B.G. without letting Eduardo know.  No evidence was presented during the hearing.

The trial court found that the petition was
inadequate and, accordingly, granted Adriana’s motion to dismiss.  The trial court’s order did not, however,
state the grounds on which it relied in dismissing Eduardo’s petition.  Eduardo now appeals the trial court’s
dismissal of his petition for a bill of review.

Standard of
Review

          A
bill of review is an equitable action brought by a party to a prior suit who
seeks to set aside a judgment that can no longer be challenged by a motion for
new trial or appeal.  Caldwell v. Barnes, 154 S.W.3d 93, 96
(Tex. 2004) (citing Baker v. Goldsmith,
582 S.W.2d 404, 406 (Tex. 1979)).  Upon the
expiration of a trial court’s plenary power, a judgment cannot be set aside by
the trial court except by bill of review, filed within the time allowed by law.[3]  Tex.
R. Civ. P. 329b(f);
State v. 1985 Chevrolet Pickup Truck,
778 S.W.2d 463, 464 (Tex. 1989).

The grounds upon which a bill of review can be
obtained are narrow because the procedure conflicts with the fundamental policy
that judgments must, at some point, become final.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  A mere injustice is not sufficient to justify
relief.  See Crouch v. McGaw, 138 S.W.2d 94, 96
(Tex. 1940); Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.—Houston
[14th Dist.] 2002, no pet.).  Generally,
a party seeking a bill of review after participating in the trial court
proceedings must plead and prove: (1) a meritorious ground for new trial or
appeal (2) which the party was prevented from making by accident, fraud, or
wrongful conduct of the opposing party, or official mistake, (3) unmixed with
any fault or negligence of his own.  See Caldwell, 154 S.W.3d at 96; Thompson v. Ballard, 149 S.W.3d 161, 164
(Tex. App.—Tyler 2004, no pet.).  A
petitioner by bill of review must allege, with particularity, sworn facts
sufficient to constitute a meritorious ground of appeal or a defense and must
present prima facie proof to support the contention at a pretrial hearing.  See Caldwell,
154 S.W.3d at 97; Baker,
582 S.W.2d at 408.

A meritorious ground of appeal is one that, had it
been presented to the appellate court, might, and probably would, have caused
the judgment to be reversed.  Petro-Chem. Transp., Inc. v.
Carroll, 514 S.W.2d 240, 245 (Tex. 1974); Thompson, 149 S.W.3d at 164–65 (holding that meritorious ground of
appeal may be meritorious defense to underlying action or meritorious ground
for modification of judgment).  A
prima facie meritorious defense is established if the movant’s
defense is not barred as a matter of law and he would be entitled to judgment
on retrial if no contrary evidence were offered.  Baker,
582 S.W.2d at 408–09. 
This is a question of law for the trial court.  Id. at 409.

If the trial court concludes that a petitioner has
not shown a meritorious ground of appeal or defense, it may dismiss the petition
for bill of review without conducting a trial. 
Id.  Prima facie proof does not have to consist of
live testimony but may be comprised of “documents, answers to interrogatories,
admissions, and affidavits on file along with such other evidence that the
trial court may receive in its discretion.” 
Id.; Thompson, 149 S.W.3d at 165.

We review the trial court’s decision to deny a bill
of review for an abuse of discretion and indulge every presumption in favor of
the trial court’s ruling.  Davis v. Smith, 227
S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  A trial court abuses its discretion if it
acts in an unreasonable or arbitrary manner or without reference to guiding
rules and principles.  Id.  When,
as here, the trial court did not file findings of fact and conclusions of law,
the judgment will be sustained on any legal theory supported by the
evidence.  Id.; Nguyen, 93 S.W.3d at 293.

Analysis

          On
appeal, Eduardo asks that we vacate and set aside the trial court’s order
dismissing his bill of review.  Eduardo
argues only that the trial court’s dismissal was wrongfully based on Adriana’s
attorney’s representation that Eduardo had appealed the underlying termination
proceeding and had lost.  Eduardo asserts
that he was not able to pursue his direct appeal of the termination because of
his appellate attorney’s error in failing to timely perfect his appeal.[4]  However, the trial court’s order does not
state the ground or grounds upon which it relied in dismissing the bill of
review, nor did it file any findings of fact or conclusions of law.  Thus, we examine whether any legal theory
supports the dismissal of Eduardo’s bill of review.  See
Nguyen, 93 S.W.3d at 293.

Eduardo’s petition failed to plead with
particularity and prove a meritorious ground for appeal or defense that he was
prevented from presenting at trial by official mistake or accident, fraud, or the
wrongful conduct of Adriana, the opposing party.  See Caldwell,
154 S.W.3d at 96–97. 
Although Eduardo’s petition states that Adriana fraudulently secreted
his daughter and prevented him from visiting the child, that he did not
voluntarily abandon his child, and that he paid child support for at least one
year prior to the termination suit, it does not allege that he was prevented
from presenting these arguments to the trial court during the termination
proceedings.  Eduardo’s petition also
generally alleges that the amicus attorney “did not visit with [him] and the
child together” or “otherwise execute her duties” and that his trial counsel
“did not adequately represent him at trial and made numerous, significant
errors.”  However, these general claims are
not specific enough to sufficiently establish a meritorious ground for appeal
or defense, nor did Eduardo present any proof in support of these claims.  See id.
(holding that petitioner by bill of review must allege, with particularity,
sworn facts sufficient to constitute meritorious ground of appeal or defense
and must present prima facie proof to support contention at pretrial hearing); see also Baker, 582 S.W.2d at 409
(stating that prima facie proof may be comprised of “documents, answers to
interrogatories, admissions, and affidavits on file along with such other
evidence that the trial court may receive in its discretion”).

Eduardo’s petition failed to establish a meritorious
ground of appeal or defense.  See Caldwell, 154
S.W.3d at 96.  Accordingly, the
trial court did not abuse its discretion in dismissing the bill of review.  See
Baker, 582 S.W.2d at 409 (holding that trial court may dismiss petition for
bill of review if it concludes that meritorious ground of appeal or defense has
not been shown); see also Nguyen, 93
S.W.3d at 293 (holding that when trial court does not file findings of fact or
conclusions of law, judgment will be sustained on any legal theory supported by
the evidence).

Conclusion

          We affirm the judgment of the trial
court.

 

 

 

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, Bland.

 











[1]           In an accelerated appeal, absent a
motion to extend time under Texas Rule of Civil Procedure 26.3, “the deadline
for filing a notice of appeal is strictly set at twenty days after the judgment
is signed.”  In re K.A.F., 160 S.W.3d 923, 927 (Tex. 2005); see Tex. R. App. P. 26.1(b).  Because an appeal from a termination
proceeding is accelerated, a notice of appeal is due 20 days after the decree
is signed.  Tex. R. App. P.
26.1(b); see Tex. Fam.
Code Ann. § 109.002(a) (Vernon 2008); see, e.g., In re J.A.G., 92 S.W.3d 539, 539–40 (Tex.
App.—Amarillo 2002, no pet.) (dismissing appeal
because notice of appeal was not filed within 20 days after termination order
was signed). 

 





[2]           Family Code section 107.003 lists the duties of “an amicus
attorney appointed to assist the court,” including conducting various
interviews, “investigat[ing]
the facts of the case to the extent the attorney considers appropriate,”
obtaining “relevant” records, and “review[ing] and
sign[ing], or declin[ing] to sign, a proposed or agreed order affecting the
child.”  Tex. Fam. Code Ann. § 107.003 (Vernon 2008).





[3]           A party to a termination of parental
rights proceeding must seek a bill of review within the six-month statute of
limitations contemplated by Family Code section 161.211.  Tex.
Fam. Code Ann.
§ 161.211 (Vernon 2008); In re L.N.M.,
182 S.W.3d 470, 473–74 (Tex. App.—Dallas 2006, no pet.).  Eduardo timely filed his petition for a bill
of review.





[4]           Eduardo also requested in his brief that we “order the
immediate return of his child and an immediate restoration of his parental
rights”; that we vacate the 2007 termination order; that we “suspend all
judgments and orders pending the resolution of this appeal; that we grant him a
“new jury trial on the merits”; and that we reverse “all punitive orders in
place against him . . . including a new order of full restitution for all fines
and attorney’s fees and costs” that he paid to Adriana.  However, a bill of review is an independent,
equitable proceeding to set aside a judgment that is not void on the face of
the record but is no longer appealable or subject to a motion for new
trial.  See King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003). 
Thus, “a bill of review is a separate proceeding from the underlying
suit.”  Ross v. Nat’l Ctr. for the Employment of the
Disabled, 197 S.W.3d 795, 798 (Tex. 2006).  Our jurisdiction in this case is limited to
reviewing the judgment of the trial court dismissing Eduardo’s petition for
bill of review; therefore, we decline to consider Eduardo’s complaints arising
from the underlying termination order.