MARY'S OPINION HEADING 








NO. 12-10-00384-CV

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

IN THE MATTER OF
THE                         §                      APPEAL FROM THE 

 

MARRIAGE OF
CAROL                             §                      COUNTY COURT AT LAW #1

 

DIXON
AND STEVEN DIXON                  §                      ANGELINA COUNTY, TEXAS

                                                                                                                                      
                          

MEMORANDUM
OPINION

            This
is an appeal from a denial of bill of review.  Appellant, Carol Dixon Kirtley,
claims she received no notice of an appealable order entered in this case until
the time for ordinary appeal had expired.  In her sole issue, she contends that
the trial court erred in denying her petition for bill of review.  We affirm.

 

Background

            Carol
and Steven (Steve) Dixon divorced in 1988.  The divorce decree, filed August
17, 1988, assigned and granted to Carol Dixon a percentage of Steve Dixon’s
retirement benefits accrued at the date of divorce and specified a formula for
their calculation.

            The
decree recited that it shall be “a qualified domestic relations order” pursuant
to Section 414(p) of the Internal Revenue Code.  However, the decree apparently
was not accepted as “a qualified domestic relations order” by the retirement
plan administrator.  In 2006, Carol, without notice to Steve and without a hearing,
obtained the trial judge’s signature on a qualified domestic relations order (QDRO)
and submitted a copy to the pension fund.  On June 13, 2006, the fund sent
notice to Steve that it would begin withholding $476.19 from his retirement if
he did not object.  Steve notified the fund on August 1, 2006, that he did
object.

            Steve
filed a “Motion to Modify, Correct, or Reform Domestic Relations Order.”  The
trial court heard the motion on August 13, 2007.  Carol appeared pro se.  The
court found that the QDRO, entered without notice to Steve, improperly awarded
Carol benefits that accrued to Steve after the divorce.  The court ordered that
Carol receive $79.34 monthly from Steve’s retirement.  The judge signed a QDRO
reflecting that ruling on October 16, 2007.

            On
November 5, 2007, Carol filed a motion for rehearing and plea to the jurisdiction. 
The trial court apparently granted rehearing and set the case for trial on
February 23, 2008.  On that date, the trial court heard all pending motions and
reiterated its holding that Carol receive $79.34 monthly from Steve’s
retirement benefits and that any amount she received in excess of $79.34 be
remitted immediately to Steve.  The order was signed on April 11, 2008.  A file-marked
copy was sent to Carol’s attorney and to the fund.  There was no appeal from
this order.

            On
December 9, 2008, Steve filed a “Motion for Repayment of Wrongfully Paid
Retirement Benefits and Motion to Turnover Funds.”  The court set a show cause
hearing for January 6, 2009.  Carol appeared in person.  On January 7, 2009,
the trial judge announced his ruling by letter to Carol and to Steve’s attorney
that he found in favor of Steve in the amount of $10,318.00 and granted his
motion for turnover at the rate of $79.34 per month.  Carol hired an attorney who
filed a request for rehearing on February 4, 2009.  The judge signed orders consistent
with his January 7, 2009 ruling on April 1, 2009.  There is apparently no proof
that Carol or her attorney received a copy of this order.

            Over
a year later, on May 27, 2010, Carol’s attorney filed a motion for rehearing
or, in the alternative, a motion to reinstate the prior order.  The motion was
untimely filed and the time for appeal had expired.

            In
July 2010, Carol filed a petition for bill of review, which was heard and
denied by the trial court on October 13, 2010.

 

Denial of Bill of Review

            In
her sole issue, Carol contend the trial court erred in denying her petition for
bill of review.

Standard
of Review

            An
appellate court reviews the granting or denial of a bill of review under an
abuse of discretion standard.  Temple v. Archambo, 161 S.W.3d
217, 224 (Tex. App.–Corpus Christi 2005, no pet.).  When the issue on appeal
concerns a question of law, the appellate court reviews the trial court’s
decision de novo.  Id.

Applicable
Law

            A
bill of review is an independent equitable action to set aside a judgment that
is no longer appealable or subject to challenge by a motion for new trial.  Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex. 1999).  A bill of
review is a direct attack on a judgment.  In re John G. & Marie
Stella Kenedy Mem’l Found., 159 S.W.3d 133, 141 (Tex. App.–Corpus
Christi 2004, orig. proceeding).

            Where
the parties have participated at trial, and the losing party has been prevented
from filing a motion for new trial or perfecting an appeal, the petitioner cannot
prevail on a petition for bill of review unless she satisfies the following requirements
set forth in Petro-Chemical Transport v. Carroll, 514 S.W.2d 240
(Tex. 1974):

 

(1) a failure to
file a motion for new trial or a failure to advance an appeal;

 

(2) caused by
the fraud, accident, or wrongful act of the opposing party or by an official
mistake;

 

(3) unmixed with
any fault or negligence on the petitioner’s part; and

 

(4) a
meritorious ground of appeal.

 

 

Id.
at 244-46; see also McDaniel v. Hale, 893 S.W.2d 652, 659-63
(Tex. App.–Amarillo 1994, writ denied).  The petitioner must allege, with
particularity, sworn facts sufficient to constitute a meritorious ground of
appeal, and, as a pretrial matter, present prima facie proof to support her contention. 
See Petro-Chemical Transport, 514 S.W.2d at 241; State v.
1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464 (Tex. 1989).

            “[A]
prima facie meritorious defense is made out when it is determined that the
complainant’s defense is not barred as a matter of law and that [s]he will be
entitled to judgment on retrial if no evidence to the contrary is offered.”  Baker
v. Goldsmith, 582 S.W.2d 404, 409 (Tex. 1979).  “Prima facie proof may
be comprised of documents, answers to interrogatories, admissions, and
affidavits on file along with such other evidence that the trial court may
receive in its discretion.”  Id.

            A
bill of review may be predicated on the failure of the clerk of the court to
send notice to each party of the signing of a final judgment or other
appealable order as required by Texas Rule of Civil Procedure 306a.  See
Petro-Chemical Transport, 514 S.W.2d at 245 (applying former rule
306d imposing same notice requirement).  In such a case, however, the bill of
review petitioner retains the burden of showing that her failure to file a
motion for new trial or appeal was not due to any fault or negligence on the
part of the petitioner or her counsel.  Id. at 246.

            Where
the petitioner seeks relief by bill of review because she has lost her chance
to file a motion for new trial or her chance of appeal, a meritorious defense
means a meritorious ground of appeal.  Id. at 245; Thompson
v. Ballard, 149 S.W.3d 161, 164 (Tex. App.–Tyler 2004, no pet.). A
meritorious ground of appeal means a claim that would likely be a successful
point of error in the court of appeals.  McDaniel, 893 S.W.2d at
672; Thompson, 149 S.W.3d at 164.

Discussion

            In
her sworn petition for bill of review, Carol states as her meritorious ground
of appeal the bare bones assertion “that the April 1, 2009 order was based on a
previous order that was not supported by any statute or Texas case.”  Although
she attached copies of the divorce decree and various later documents related
to the division of Steve’s retirement benefits, her petition entirely omits any
explanation of why either of the orders in question was unsupported “by any
statute or Texas case.”

            In
her brief, Carol explains that if she had been properly notified of the entry
of the judgment on April 1, 2009, “she could have filed a motion for new trial
and presented a brief to the trial court on issues related to collateral
attacks and res judicata and perhaps undone several years of
litigation.”  She concedes, however, that the judgment of April 11, 2008,
wherein she was represented by counsel, was not appealed.

            It
is apparent from her argument that the ground for appeal she alleges relates to
the April 11, 2008 judgment amending the QDRO that was entered without
notice to Steve.  Carol complains that the April 11, 2008 order, which fixed
her division of Steve’s retirement at $79.84 monthly, was barred by res
judicata.  Although she did not appeal that order, she chose to ignore it until
Steve filed his motion to require her to repay the sums she had received from
his retirement plan in excess of $79.84 monthly.

            The
ground for appeal Carol urges relates to the April 11, 2008 order and not the
April 1, 2009 order on Steve’s “Motion for Repayment of Wrongfully Paid Retirement
Benefits,” which she seeks to set aside by bill of review.  Therefore, she has
no meritorious ground to appeal the judgment she attacks.

            The
trial court did not abuse its discretion in denying Carol’s bill of review.  Carol’s
sole issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                        
BILL BASS__    

                                                                                             
Justice

 

 

 

Opinion
delivered May 25, 2011.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals,

sitting
by assignment.

 

 

 

 

(PUBLISH)