# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

### NO. 03-11-00067-CV

**Ruth Wheeler, Appellant**

**v.**

**John Collier Hinson, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-00825, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ruth Wheeler, appearing pro se, appeals from the trial court's denial of her petition for a bill of review, which had attacked a default judgment rendered against her in the county court at law. In nine issues Wheeler challenges multiple actions of the county court at law, including its judgment.[1] We will construe Wheeler's brief as arguing primarily that the trial court abused its

---

[1] Wheeler's issues can be summarized as arguing that: (1) a bill of review could be used to attack a default judgment rendered by a county court at law on appeal from small claims court, (2) this Court has jurisdiction over an appeal from the trial court's denial of her bill of review, (3) the bill-of-review procedure is expanded beyond its usual bounds because the county court judgment was "final," (4) the bill-of-review court erred in denying her request for discovery during the bill-of-review trial, (5) the bill-of-review court should have permitted her to argue that Hinson committed perjury and to use that perjury as evidence of extrinsic fraud to support her bill of review, (6) the bill-of-review court improperly found that she was negligent in not appearing for the de novo trial, (7) the bill-of-review court erred by impliedly finding that she was negligent in not appealing the default judgment to this Court, (8) not being able to directly appeal the trial court's errors violates her right to due process, and (9) former section 28.053 of the Texas Government Code, which

discretion in ruling that she did not prove two of the three elements of the test for a bill of review. Concluding that the trial court did not abuse its discretion, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an incident in which Wheeler's dogs allegedly attacked a cat owned by John Hinson, who was renting a room from Wheeler at the time. Hinson sued Wheeler in Travis County Small Claims Court to recover veterinary costs. Both Wheeler and Hinson appeared pro se, and after a bench trial the court rendered a take-nothing judgment. Hinson appealed to Travis County Court at Law No. 1 for a de novo trial on the merits. *See* Tex. Gov't Code Ann. § 28.053(b) (West Supp. 2012). Wheeler did not appear when the case was called for trial, and the county court at law rendered a default judgment for Hinson, awarding him $2,808.76 in damages, costs, and interest. Wheeler filed a timely "Motion to Set Aside Judgment and Motion for New Trial," which the trial court denied. Wheeler subsequently filed a petition for a bill of review seeking to set aside the default judgment.[2] Following a hearing, the trial court denied Wheeler's bill of review and made the following findings of fact:

(1) Plaintiff's evidence presented a prima facie meritorious defense to the underlying action and showed that she did not have the opportunity to present that defense. (2) Plaintiff did not establish by a preponderance of the evidence that she was prevented from presenting that defense by fraud, by accident, by wrongful act of the defendant or by official mistake. (3) The evidence showed that it was Plaintiff's

provides that an appeal from small-claims court to the county court was "final," violates various provisions of both the state and federal constitutions, including the right to due process.

[2] As discussed below, Wheeler was, at that time, statutorily prohibited from appealing the county court at law's judgment on the merits.

2

own fault or negligence that caused the underlying judgment to be granted without her participation.

Wheeler subsequently perfected this appeal of the judgment denying her bill of review.

## JURISDICTION

As a threshold matter, Wheeler argues preemptively in her first two issues that this Court has jurisdiction to entertain her appeal, while Hinson contends that we lack jurisdiction. At the time Hinson filed his original petition in small claims court, Texas law provided that an appeal from a small-claims-court judgment to the county court at law was "final."[3] *See* Act of May 2, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1816 (amended 2009) (current version at Gov't Code § 28.053(d)). That statute had been interpreted to mean that a judgment rendered after a de novo trial was not appealable beyond the county court. *See Sultan v. Matthew*, 178 S.W.3d 747, 748-52 (Tex. 2005). Since Hinson's suit was filed in small claims court before the statute was amended to allow a further appeal, Hinson is correct that we would lack jurisdiction to entertain an appeal from a judgment on the merits rendered by the county court at law. Here, however, Wheeler appeals from the county court's denial of her bill of review. A bill of review is a separate action that is brought in equity to set aside a judgment that is not void on its face but is no longer appealable or subject to a motion for a new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). If the

---

[3] The take-nothing judgment recites that it is rendered in a justice of the peace court, but the record reveals that Hinson checked the box for "small claims court" in his original petition. Furthermore, the notice of suit sent to Wheeler is from small-claims court, and Wheeler filed her response to Hinson's petition in small-claims court. Although it is unclear why the take-nothing judgment is printed on a document with a "justice court" heading, the parties treat it as a small-claims-court judgment, and we will do likewise.

3

plaintiff in a bill-of-review proceeding successfully meets the three prerequisites, the parties generally move immediately to a trial on the merits in the same proceeding. *Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 (Tex. App.—Fort Worth 2003, no pet.). Because a bill of review is a new proceeding, separate from the underlying case, we conclude that we have jurisdiction to review whether or not the trial court erred in determining that Wheeler failed to meet the three prerequisites for granting a bill of review. *Cf. Thompson v. Ballard*, 149 S.W.3d 161, 165-66 (Tex. App.—Tyler 2004, no pet.) (reviewing county court's denial of bill of review attacking judgment originally filed in small-claims court that could not have been appealed on merits to court of appeals); *Cannon v. TJ Burdett & Sons Recycling*, No. 01-08-00380-CV, 2009 WL 276797, at *4 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.) (same); *see also Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

## DISCUSSION

A party bringing a bill of review must generally plead and prove three elements: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her opponent, and (3) the petitioner was not negligent." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752-53 (Tex. 2003); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). We review a trial court's grant or denial of an equitable bill of review under an abuse-of-discretion standard. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.). When the inquiry concerns a question of law, such as whether the bill-of-review plaintiff presented prima facie proof of a meritorious defense, we review the trial court's decision de novo. *Jones v. Texas Dep't of Protective*

4

*& Regulatory Servs.*, 85 S.W.3d 483, 490 (Tex. App.—Austin 2002, pet. denied). "[E]very presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of discretion." *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Here, the trial court found that Wheeler had satisfied the first bill-of-review element but not the second or third.

In her sixth issue, Wheeler contends the trial court abused its discretion in finding that "her own fault or negligence caused the underlying judgment to be granted without her participation." Wheeler asserts that she was not negligent because she vigorously prosecuted the case—she successfully defended the case in small claims court, thoroughly researched legal issues, filed a written motion to set aside the default judgment, and later filed an appeal in this Court. Although Wheeler appears to have used "all adequate legal remedies" to attack the default judgment before resorting to a bill of review, *King Ranch*, 118 S.W.3d at 751, the issue here is whether her own negligence or fault contributed to the rendition of the default judgment in the county court at law. Hinson testified that he sent Wheeler a certified letter with notice of the trial date, as permitted by Texas Rule of Civil Procedure 21a. The envelope, which was admitted into evidence and is part of the appellate record, was marked "refused" by the U.S. Postal Service. See *Shackelford v. Cartercopters, LLC*, No. 02-10-00414-CV, 2011 WL 3835638, at *4 n.2 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.) ("refused" in postal service terms means: "[a]ddressee refused to accept mail or pay postage charges on it"). Wheeler testified in the trial court—and concedes

5

here—that she consciously elected not to accept delivery of a certified letter from Hinson because she did not wish to have contact with Hinson. We conclude that the trial court could have reasonably found that the certified letter that Wheeler refused to accept was the one notifying her of the trial setting. Accordingly, the court did not abuse its discretion in concluding that Wheeler's own negligence contributed to the rendition of the default judgment against her. *See Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no pet.) ("If a defendant were to know of the existence of a certified mail and *refuse* to accept it, this would tend to show the defendant did in fact have notice."). We overrule Wheeler's sixth issue.

Having found that the trial court did not abuse its discretion in finding that Wheeler had not satisfied the third bill-of-review element, and having therefore overruled her sixth issue, we need not address issues three, four, five and seven, which deal with the trial court's specific bill-of-review procedures.[4]

Taken together, Wheeler's final two issues argue that former government code section 28.053(d), which provided that an appeal from the small claims court to the county court is "final,"

---

[4] A bill of review is unavailable to a party who made a timely motion for a new trial and a timely but unsuccessful appeal to a higher court. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *see Molano v. State*, No. 13-10-00477-CV, 2011 WL 3631968, at *2 (Tex. App.—Corpus Christi Aug. 18, 2011, pet. denied)(mem. op.). This rule furthers the supreme court's policy that "the grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch Inc v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Although Wheeler filed a timely motion for a new trial that was denied by the trial court, she could not make any appeal of the trial court's judgment under the law in effect at the time. *See Sultan v. Matthew*, 178 S.W.3d 747, 758-52 (Tex. 2005). In light of our decision that the trial court did not err or abuse its discretion in denying Wheeler's bill of review, we likewise need not address whether a bill of review could be granted to a party who had filed a motion for new trial but was statutorily prohibited from thereafter pursuing an appeal.

violates her due-process rights, both facially and as applied to her case. She also argues that former section 28.053(d) violates the open courts provision of the Texas Constitution. The Texas Supreme Court has already held that former section 28.053(d) is wholly consistent with the Texas Constitution, *Sultan*, 178 S.W.3d at 753, and Wheeler presents no authority showing how that section violates her due-process rights under the federal constitution. *See id*. at 753 n.6 ("[W]e also note that the United States Constitution does not guarantee the right to an appeal.") (citing *Doleac v. Michalson*, 264 F.3d 470, 492-93 (5th Cir. 2001) (holding that there is no due-process right to appellate review)). We overrule Wheeler's eighth and ninth issues.

## CONCLUSION

Having overruled Wheeler's sixth, eighth, and ninth issues, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed on Rehearing

Filed: January 25, 2013

7