The STATE of Texas, Petitioner,

v.

1985 CHEVROLET PICKUP TRUCK,
VIN: 1GCEK14HLFS165672,
Respondent.

No. C–8295.

Supreme Court of Texas.

Oct. 11, 1989.

Richard F. Baker, Beaumont, for petitioner.

Windi Adkins, Houston, for respondent.

PER CURIAM.

Our opinion and judgment of June 21, 1989 is withdrawn and the following is substituted.

This appeal arises from a forfeiture proceeding brought by the State of Texas against two motor vehicles. The main is-

sue is whether the basic and necessary steps to allow the granting of an equitable bill of review were performed at the trial court level.

In February of 1987, officers from the Beaumont Police Department conducted a search of two vehicles, a 1985 Chevrolet "Z–28" and a 1985 Chevrolet pickup truck, and found cocaine in both. The State filed separate forfeiture actions against the two automobiles. Jo Ann Persley filed an answer as the owner of the "Z–28" and Mike Thibedeaux along with Wendi Akins filed answers as owners of the pickup truck. The State then filed a motion to consolidate, which was granted, and on August 26, 1987, a judgment was rendered forfeiting the "Z–28" to the Beaumont Police Department and the pickup truck to the Texas Department of Public Safety. On September 29, 1987, motions for new trial were filed on behalf of Persley and Akins. As the motions for new trial were untimely, Persley and Akins filed bills of review, pursuant to Tex.R.Civ.P. 329b, alleging that the notice of the signing of the judgment had not been received until 32 days after the judgment was rendered. On October 9, 1987, the trial court granted the bills of review and ordered that the motions for new trial should be heard. On December 30, 1987, the trial court rendered an "Amended Judgment" which states, in part, "... The Court finds that the Plaintiff has failed to show that the 1985 Chevrolet pickup ... was used with the knowledge or consent of the owner, to illegally transport contraband narcotics.... The Court after duly considering the evidence and the law involved herein is of the opinion that said vehicle was not so used and should not be forfeited to the State of Texas." This "Amended Judgment" awarded the pickup truck to Akins and forfeited the "Z–28" to the Beaumont Police Department.

The State appealed, arguing that because no bill of review proceedings were followed, the trial court had no basis to enter an "Amended Judgment" based upon a petition for bill of review. The State maintained that the instrument of December 30 is not the rendition of a final judgment under the bills of review, but an untimely amendment of the August 26 judgment. The court of appeals, 763 S.W.2d 484, however, affirmed, holding that the instrument of December 30, 1987, entitled "Amended Judgment" was the rendition of a final judgment under the bills of review.

■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to motion for new trial. *See McEwen v. Harrison*, 162 Tex. 125, 131–32, 345 S.W.2d 706, 709–10 (1961). Rule 329b(f) of the Texas Rules of Civil Procedure provides: "On the expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law." Tex.R.Civ.P. 329b(f). The rules do *not define "sufficient cause," but this court* has enunciated in specific detail the steps necessary to be followed in a bill of review proceeding.

■ First, in order to invoke the equitable powers of the court, the bill of review petitioner must file a petition alleging factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979). The petitioner must further allege, with particularity, sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to support the contention. *Id.*[1]

■ Second, if a prima facie defense has been shown, the court will conduct a trial. At this trial, the petitioner must open and assume the burden of proving by

---

1. The issue of whether *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), affects the requirement of a showing of a meritorious defense in this bill of review proceeding has not been fully briefed and argued, and we do not address it in this case.

a preponderance of the evidence that the judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with any negligence of his own. *Id.* at 409. If the petitioner meets this burden, the fact-finder will then determine whether the bill of review defendant, the original plaintiff, has proved the elements of his original cause of action. Once it is found that the petitioner is suffering under a wrongfully obtained judgment that is unsupported by the weight of the evidence, equity is satisfied and the court should grant the requested relief. *Id.*

■ In this action, the original petition for bill of review alleged: "[Plaintiff] did not learn of said judgment despite the exercise of due diligence until more than thirty (30) days after its rendition. ... Plaintiff has a meritorious defense in that she never knew of or consented to her vehicle being used to violate the Controlled Substances Act." This allegation fails to state that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake. Further, a complete review of the record demonstrates that the only evidence taken was that on July 8, 1987. There was no evidence of extrinsic fraud or official mistake. Nor did the trial court have before it either on October 8 or October 9, 1987, any evidence or testimony from which to grant the equitable bill of review.

As the necessary elements and procedural steps under the bill of review practice were not taken, this court vacates the trial court's order of October 9 which purports to grant the equitable bills of review. Further, the trial court's order of November 6 granting a new trial and its amended judgment entered on December 30, 1987, are similarly vacated as a consequence of the trial court's expired plenary power. We further conclude that the court of appeals decision below is in conflict with our holding in *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979). In accordance with Texas Rule of Civil Procedure 133(b), a majority of this court grants the application for writ of error and, without hearing oral argument,

reverses the judgment of the court of appeals and reinstates the trial court's judgment of August 26, 1987. We remand the cause to the trial court so that it may reconsider the bills of review filed on behalf of the 1985 Chevrolet pickup and the Z–28 Chevrolet.