cv5-146.dd.harris 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00146-CV







Russell Harris, Appellant



v.



Dennis J. Moore d/b/a Moore's Trucking, Appellee







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4455, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM


 Russell Harris appeals from the dismissal of his bill of review. He complains that
the court dismissed his claim without following the proper procedure and standard of review. We
will reverse the judgment and remand this cause for further proceedings.



BACKGROUND


 Harris's bill of review challenged a judgment favoring Dennis J. Moore d/b/a
Moore's Trucking. In that underlying suit, Moore sued Harris, Harris's partners, their
partnership, and their corporation to collect payment for construction work Moore did on their
ranch. Moore served the petition on an attorney with a cover letter expressing his understanding
that the attorney had agreed to accept service for all defendants. Another attorney from the same
law firm filed an answer on behalf of all the defendants. That attorney also filed a counterclaim
and a motion for partial summary judgment on behalf of the individual defendants, including
Harris. In support of that motion, Harris signed an affidavit as a defendant/cross-plaintiff; the
affidavit contained the full style of the case showing Harris as a defendant individually and as part
of the companies. The attorney wrote to the trial-court staff a letter which included Harris in a
list of addressees to receive a copy of the letter. The attorney's motion to withdraw as counsel
indicated that it went to Harris at the same address. The appellees later used certified mail at the
same address to successfully serve Harris (his wife signed the returned receipt) with notice of the
trial setting in the underlying case. 

 None of the defendants appeared at the trial. Moore presented evidence to the court
and obtained a judgment for $32,993.48 plus interest, attorney's fees, and costs. 

 Harris filed his bill of review claiming lack of service. He claimed he never
authorized the attorney to receive service or represent him individually. He alleged that one of
his codefendants had hired the attorney without his knowledge. He claimed he could not share
counsel with some of his codefendants because he had legal claims pending against them. He
claimed not to have received any of the correspondence or motions filed by the attorney
purporting to represent him. He claimed that he signed the affidavit believing that it was in
defense of a case against the partnership, not him individually. He asserted four defenses as
meritorious: that he was liable only as a limited partner, that he did not receive or accept any
benefit from Moore's work or materials; and that he did not agree to enter any contract with
Moore. Harris requested a temporary restraining order and an injunction to prevent Moore from
executing on the judgment.

 The trial court held a hearing that began as a hearing on temporary injunction on
the bill of review. Harris, Moore, and one of the codefendants in the underlying suit testified. 
The court also admitted documentary evidence.

 At the close of the hearing, the court not only denied the injunction but also
dismissed the case, prompted in part by Moore's oral motion for dismissal in his closing
argument. The court made several fact-findings regarding lack of merit of Harris's bill of review. 
The court denied Harris's motions for reconsideration and new trial after a hearing.



DISCUSSION


 Harris complains by his first two points of error that the court failed to follow the
proper procedure in dismissing his bill of review. He complains that the court erred by dismissing
his case based upon pleading defects and without proper notice and opportunity to be heard.

 A petition for bill of review triggers certain procedures and requirements. A
petitioner for bill of review must allege several facts with particularity. State v. 1985 Chevrolet
Pickup Truck, 778 S.W.2d 463, 464 (Tex. 1989). The petition must allege that the prior
judgment was rendered as a result of fraud, accident, or wrongful act of the opposite party or
official mistake unmixed with the petitioner's negligence. Id. It must further allege sworn facts
sufficient to constitute a meritorious defense. Id. Defects in bill-of-review petitions normally
must be challenged by special exceptions before dismissal or summary judgment for failure to
state a claim is proper; trial courts err by denying petitioners the opportunity to amend their
pleadings to cure defects. Clemmons v. State, 737 S.W.2d 431, 432 (Tex. App.--Eastland 1987,
no writ); Edgin v. Blasi, 706 S.W.2d 353, 355 (Tex. App.--Fort Worth 1986, no writ). (1) The
petitioner could get a temporary injunction by showing a probable right to recovery, imminent
irreparable harm absent the injunction, and no adequate remedy at law. Sun Oil Co. v. Whitaker,
424 S.W.2d 216, 218 (Tex. 1968).

 The petitioner must next, at a pretrial hearing, present prima facie proof of a
meritorious defense in order to obtain a full-blown trial on the merits of the bill. 1985 Chevrolet,
778 S.W.2d at 464. A petitioner makes out a prima facie case by showing that the asserted
defense is not barred as a matter of law and would win judgment on retrial absent contrary
evidence. Baker v. Goldsmith, 582 S.W.2d 404, 408-09 (Tex. 1979). The court may dismiss the
case if the petitioner fails to make out a prima facie case at the pretrial hearing. Id. at 409. Id.

 The trial court erred to the extent it dismissed for pleading defects. Moore
undisputedly made no special exceptions. At the hearing, after the court suddenly dismissed the
cause with prejudice, Harris requested orally that he have a chance to modify his pleadings. The
court reiterated that the case was dismissed, barring any chance to modify the pleadings. Moore
contends that any error in dismissing the case without giving a chance to replead was harmless. 
He does not contend that the dismissal was harmless because the pleading was fatally defective
under Chambers; instead, he contends that it was harmless because Harris failed to prove his case
at the hearing. This raises the more pressing problem of the disputed nature of the hearing.

 Harris preserved his complaint regarding the nature of the hearing by complaining
at the hearing that he did not expect a decision on the merits, that the court's choice to make that
decision prevented him from calling a witness, and that the witness's testimony would help him 
prove his case. A party must preserve error by objecting, moving, or requesting relief upon
discovering that the court is conducting a more substantive bill-of-review inquiry than the party
expected. Lemons v. EMW Mfg. Co., 747 S.W.2d 372 (Tex. 1988). In that case, the supreme
court reinstated a trial court's decision on the merits of a bill of review. Id. at 373. The court
of appeals had reversed the trial court, finding that, prior to the bench trial, the petitioner's
attorney had thought that the proceeding was to be the prima facie hearing; the court of appeals
remanded the case for trial, holding that the proceeding was the pretrial hearing and that the
petitioner had established a prima facie case. EMW Mfg. Co. v. Lemons, 741 S.W.2d 212 (Tex.
App.--Fort Worth 1987). The supreme court reversed, holding that EMW's attorney's subjective
impression that the proceeding was the pretrial hearing was unimportant because he failed to
preserve error by moving for a continuance or objecting once he discovered that the trial court
was conducting a full-blown trial. Lemons, 747 S.W.2d at 373.

 Our facts resemble the supreme court's model in Lemons, exceeding the facts of
Lemons itself. Similar to Lemons, the record shows that the trial court opened the hearing by
announcing, "This is called for hearing on Temporary Injunction." The trial court then proceeded
accordingly, making findings and denying the injunction. The court next observed:



Now, this being only the case where there is a temporary injunction sought, I'm
not sure of the posture that that puts the Court in rendering a decision since there's
no motion for summary judgment or any other pleadings that I am aware of that
would permit me to render anything [except] ... [j]ust denying the injunction. 
That's all I can see that I can do since that's all we're hearing on the issue we have
here. I can make the findings but I don't know [t]hat based on those I can do
anything else.



Nevertheless, moments later, the court dismissed the case because Harris had failed to make the
prima facie showing required at the pretrial hearing. The court noted that the proof that Harris
adduced at the injunction hearing would also go to the merits of the bill; the court apparently
decided that the same evidence would be similarly unpersuasive at the pretrial hearing. 
Apparently unlike the Lemons petitioner, however, Harris protested at the hearing that the court
was not supposed to decide the merits at the injunction hearing and that he wanted the opportunity
to replead and to present an additional witness at the pretrial hearing. The court responded,
"Counsel, what he might tell and wouldn't tell is not relevant here right now."

 The court's dismissal of the case, while perhaps intended to be judicially efficient,
was procedurally incorrect. The court gave no notice that the scope of the hearing had broadened
until after ruling on the stated issue of the hearing, then squelched Harris's attempts to respond
to the change. Though the proof requirements for temporary injunctions resemble and in some
ways exceed the standards for the bill-of-review pretrial hearing, the stakes are markedly
different. No rule requires that movants for injunction bring forward all of their proof pertaining
to the merits at the injunction hearing. The similarities in proof requirements did not justify
denying all relief simply because Harris failed to show himself deserving of temporary injunctive
relief. The dismissal was akin to a track-meet official barring a sprinter from a race for running
a slow warmup lap. We will reverse the dismissal of the cause of action.

 We will not disturb the court's denial of the temporary injunction. Ordinarily, the
dismissal of the entire action renders the denial of the temporary injunction moot. See Bryant v.
Barnes, 438 S.W.2d 435, 435 (Tex. Civ. App.--Waco 1968, no writ); Conway v. Irick, 429
S.W.2d 648, 650 (Tex. Civ. App.--Fort Worth 1968, writ ref'd). To the extent that our reversal
of the dismissal revives our ability to conduct an interlocutory review, we affirm the trial-court's
denial because we see no clear abuse of discretion. See Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978). Rather, the court acted well within its discretion in denying temporary relief.



CONCLUSION


 We hold that the trial court erred by dismissing this case after the temporary
injunction hearing without providing notice that the merits were at stake. We sustain points one
and two. We need not consider the remaining points of error.

 We reverse the judgment of dismissal and remand the cause for further
proceedings.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 20, 1995

Publish

1.   Presumably, bills of review utterly failing to plead a viable cause of action would be
susceptible to summary judgment on that basis just like similarly deficient petitions. See
Chambers v. Huggins, 709 S.W.2d 219, 224 (Tex. App.--Houston [14th Dist.] 1985, no writ).


.

 Our facts resemble the supreme court's model in Lemons, exceeding the facts of
Lemons itself. Similar to Lemons, the record shows that the trial court opened the hearing by
announcing, "This is called for hearing on Temporary Injunction." The trial court then proceeded
accordingly, making findings and denying the injunction. The court next observed:



Now, this being only the case where there is a temporary injunction sought, I'm
not sure of the posture that that puts the Court in rendering a decision since there's
no motion for summary judgment or any other pleadings that I am aware of that
would permit me to render anything [except] ... [j]ust denying the injunction. 
That's all I can see that I can do since that's all we're hearing on the issue we have
here. I can make the findings but I don't know [t]hat based on those I can do
anything else.



Nevertheless, moments later, the court dismissed the case because Harris had failed to make the
prima facie showing required at the pretrial hearing. The court noted that the proof that Harris
adduced at the injunction hearing would also go to the merits of the bill; the court apparently
decided that the same evidence would be similarly unpersuasive at the pretrial hearing. 
Apparently unlike the Lemons petitioner, however, Harris protested at the hearing that the court
was not supposed to decide the merits at the injunction hearing and that he wanted the opportunity
to replead and to present an additional witness at the pretrial hearing. The court responded,
"Counsel, what he might tell and wouldn't tell is not relevant here right now."

 The court's dismissal of the case, while perhaps intended to be judicially efficient,
was procedurally incorrect. The court gave no notice that the scope of the hearing had broadened
until after ruling on the stated issue of the hearing, then squelched Harris's attempts to respond
to the change. Though the proof requirements for temporary injunctions resemble and in some
ways exceed the standards for the bill-of-review pretrial hearing, the stakes are markedly
different. No rule requires that movants for injunction bring forward all of their proof pertaining
to the merits at the injunction hearing. The similarities in proof requirements did not justify
denying all relief simply because Harris failed to show himself deserving of temporary injunctive
relief. The dismissal was akin to a track-meet official barring a sprinter from a race for running
a slow warmup lap. We will reverse the dismissal of the cause of action.

 We will not disturb the court's denial of the temporary injunction. Ordinarily, the
dismissal of the entire action renders the denial of the temporary injunction moot. See Bryant v.
Barnes, 438 S.W.2d 435, 435 (Tex. Civ. App.--Waco 1968, no writ); Conway v. Irick, 429
S.W.2d 648, 650 (Tex. Civ. App.--Fort Worth 1968, writ ref'd). To the extent that our reversal
of the dismissal revives our ability to conduct an interlocutory review, we affirm the trial-court's
denial because we see no clear abuse of discretion. See Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978). Rather, the court acted well within its discretion in denying temporary relief.



CONCLUSION


 We hold that the trial court erred by dismissing this case after the temporary
injunction hearing without providing notice that the merits were at stake. We sustain points one
and two. We need not consider the remaining points of error.

 We reverse the judgment of dismissal and remand the cause for further
proceedings.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: December 20, 1995

Publish

1.   P