In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-333 CV


____________________



MARGARET ANN CHAMBERLAIN, Appellant



V.



GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee






On Appeal from the County Court of Jefferson County at Law No. 1


Jefferson County, Texas


Trial Cause No. 91948






O P I N I O N


 Proceeding pro se, Margaret Ann Chamberlain appeals the trial court's denial of her
equitable bill of review. In the trial court, General Motors Acceptance Corporation
("GMAC") sued Chamberlain; then Chamberlain counterclaimed. The trial court
dismissed the cause for want of prosecution. Chamberlain appealed the dismissal
untimely, (1) but also filed a bill of review with the trial court. She brings seven issues.

 In issues one and three, Chamberlain maintains the trial court erred in not granting
her a default judgment against GMAC because it had not timely answered her bill of
review. However, GMAC filed its answer before the scheduled hearing began. A default
judgment may not be rendered after the defendant has filed an answer. Tex. R. Civ. P.
239. See Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex. 1989). Thus, Chamberlain was
not entitled to a default judgment. Issues one and three are overruled.

 In issue two, Chamberlain complains the trial court erred in denying her motion to
extend computation of time and her request for findings of fact and conclusions, and again
claims the trial court erred in failing to grant her a default judgment. We will assume that
Chamberlain intended to file her motion and request in the bill of review proceeding. (2) 
Even so, her appeal is not aided by our assumption as she failed to comply with Rule 297,
which required her to file with the clerk a notice of past due findings of fact. See Tex. R.
Civ. P. 297. Thus, Chamberlain waived her request. See Las Vegas Pecan & Cattle Co.
v. Zavala County, 682 S.W.2d 254, 255 (Tex. 1984). We considered Chamberlain's
default judgment argument in issues one and three and need not reconsider it. Issue two
is overruled.

 In issues four, five, and six, Chamberlain complains the trial court erred in denying
her petition for a bill of review and signing a final judgment reciting a trial was held on
June 4, 2001, when no trial was held on or scheduled for that date. Chamberlain set her
bill of review for a hearing on June 4, 2001. During the hearing she sought to obtain a
default judgment. Much of the hearing concerned the default judgment question.
However, the trial court and Chamberlain agreed that her petition for bill of review was
"before the Court." The trial court also stated, and GMAC agreed, that the matter was
not scheduled as a trial for that day. The trial court determined it would "take it all under
advisement." And, the court stated, "the bottom line that the Court is going to be ruling
on - the bottom line is this Equitable Bill of Review. I'll take into consideration
everything else you said, but that's what the ruling is going to be." Chamberlain did not
object to this decision, nor did she offer any evidence for the trial court's consideration. 

 A bill of review is an independent equitable action brought by a party to a previous
suit who seeks to set aside a judgment that is no longer subject to a motion for new trial
or appealable. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998). As explained by
the Texas Supreme Court in State v. 1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464-65 (Tex. 1989)(citations and footnote omitted):

 First, in order to invoke the equitable powers of the court, the bill of
review petitioner must file a petition alleging factually and with particularity
that the prior judgment was rendered as a result of fraud, accident or
wrongful act of the opposite party or official mistake unmixed with his own
negligence. The petitioner must further allege, with particularity, sworn
facts sufficient to constitute a defense and, as a pretrial matter, present prima
facie proof to support the contention. 


 Second, if a prima facie defense has been shown, the court will
conduct a trial. At this trial, the petitioner must open and assume the burden
of proving by a preponderance of the evidence that the judgment was
rendered as the result of fraud, accident or wrongful act of the opposite party
or official mistake unmixed with any negligence of his own. 


 Chamberlain's petition for bill of review is unsworn. Thus, she did not make the
required prima facie showing. See id. Here, we cannot say the trial court erred in taking
her petition under advisement. Issues four, five, and six are overruled.

 In issue seven, Chamberlain alleges the trial court erred in not taking judicial notice
of her filing a bankruptcy petition. She does not allege the trial court was ever asked to
take judicial note of the bankruptcy proceeding, which was not filed until several weeks
after the hearing and judgment that are the subject of her appeal. Chamberlain has
preserved nothing for our review in issue seven. See Tex. R. App. P. 33.1. Issue seven
is overruled. 

 Accordingly, the trial court's judgment is AFFIRMED.





 DON BURGESS

 Justice


Submitted on May 9, 2002

Opinion Delivered May 16, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. On March 28, 2002, this court, for want of jurisdiction, dismissed Margaret Ann
Chamberlain's appeal of the trial court's dismissal order. We found she had failed to
timely perfect appeal of the order dismissing the cause for want of prosecution.
2. The motion to extend time and request for findings was filed over a month before
the final judgment was entered in the bill of review proceeding.