**Dismissed and Memorandum Opinion filed April 16, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-14-00197-CV

---

**AUBREY R. JEFFERSON, Appellant**

**V.**

**UNITY NATIONAL BANK, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1004469**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal of an order in which, eighteen months after granting final summary judgment in this cause, the trial court purported to grant an "amended" final summary judgment. Because the trial court's plenary power in this cause expired long before it signed the amended judgment, we declare the amended order void and we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

Appellee Unity National Bank filed a suit on a note against appellant Aubrey R. Jefferson. The suit was assigned cause number 1004469, and on May 31, 2012, the trial court rendered a final summary judgment against Jefferson for the principal due and owing on the note, together with interest, attorney's fees, and costs of court. The parties did not appeal that order.

On December 10, 2013, the trial court rendered an "amended" summary judgment against Jefferson in the same cause number. The amended judgment is almost identical to the original judgment, except that the awards of prejudgment interest and attorney's fees are quadrupled. Jefferson has appealed this judgment.

In the time between these two events, Jefferson filed a separate bill-of-review proceeding, which was assigned cause number 1019981. In that action, the trial court signed an order in which it purported to reopen this proceeding, cause number 100469. The proceeding before us, however, is not an appeal of any order rendered in the bill-of-review action; it is an appeal only of the amended judgment rendered in the original cause. Unity contends that the amended judgment is void because it was rendered after the trial court lost plenary power in this action. Thus, the only issues before us are (a) whether the trial court had jurisdiction to enter the "amended" summary judgment being appealed, and if so, (b) whether the trial court reversibly erred in failing to sustain Jefferson's objections to the summary-judgment evidence or in granting the summary judgment.

## II. ANALYSIS

Where, as here, a party contends that a judgment is void, our first inquiry must be to determine whether the challenged judgment is void or merely voidable. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 n.8 (Tex. 2012). Here, the challenged

judgment was rendered in cause number 1004469, a case in which the trial court had long since rendered final judgment. A trial court may change its final judgment while it retains plenary power. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Thus, to determine whether the second judgment is void or merely voidable, we must determine whether the trial court still had plenary power when it rendered a second judgment in the same cause number.

Absent a timely post-judgment motion extending the trial court's plenary power, the trial court retains jurisdiction over a case for thirty days after the final judgment is signed. *See* TEX. R. CIV. P. 329b(d). If an appropriate post-judgment motion is filed within that time, then the trial court's plenary power is extended for thirty days after the motion is overruled by a signed order or by operation of law. *See* TEX. R. CIV. P. 329b(e). If the trial court fails to sign an order ruling on the motion within seventy-five days after the judgment was signed, then the motion is overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Thus, if an appropriate post-judgment motion was filed but was not granted, then the trial court's jurisdiction could extend for as much as 105 days after the final judgment was signed.

It is undisputed that in cause number 1044669, the trial court signed its "first" final judgment on May 31, 2012, and no party timely filed a post-judgment motion. The trial court accordingly lost plenary power over this cause on June 30, 2012.

After the trial court's plenary power expires, it cannot substantively modify the judgment except by a bill of review. TEX. R. CIV. P. 329b(f).[1] A bill of review, however, is an independent proceeding. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (citing *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975) (orig.

---

[1] Even after its plenary power has expired, the trial court may sign a judgment nunc pro tunc to correct a clerical error, and it may declare a judgment void if it was signed after the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b(f).

3

proceeding)); *see Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (holding that trial court's refusal to order severance of bill of review from underlying case was an abuse of discretion warranting mandamus relief). And although the record before us shows that Jefferson did file a separate bill-of-review action, this is not an appeal from that proceeding; it is an appeal from the amended judgment rendered in the original suit. As Unity points out in its response brief, the trial court's plenary power in the original suit expired long before it rendered an amended judgment. *See* TEX. R. CIV. P. 329b.

A judgment in which the trial court attempts to substantively alter a final judgment after its plenary power has expired is void. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 168 & n.21 (Tex. 2013) (holding that a second judgment was void because it substantively altered the first judgment 351 days after the first judgment was rendered). An appellate court has no jurisdiction to review the merits of a void judgment. *See Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Because the trial court rendered the amended judgment in this cause after its plenary power expired, it is void, and we cannot review the remaining issues. *See id.*

We therefore declare the amended judgment of December 10, 2013 void, and dismiss the appeal. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). In doing so, we note an important difference in the facts of this case and those of a case that Unity describes as "nearly identical" to it. In *State v. 1985 Chevrolet Pick-Up Truck, VIN: 1GCEK14H1FS165672*, the owners of two vehicles filed bills of review to challenge the final judgment in a forfeiture action. *See* 763 S.W.2d 484, 485 (Tex. App.—Beaumont 1988) ("*1985 Chevrolet I*"), *rev'd sub nom. State v. 1985 Chevrolet Pickup Truck, VIN: 1GCEK14HLFS165672*, 778 S.W.2d 463 (Tex. 1989) (per curiam) (sub. op.) ("*1985 Chevrolet II*"). After the bills of review were

4

erroneously "redocketed" into the original cause, the trial court purported to grant them and rendered an "amended judgment." *Id.* As a result of the redocketing, all of the orders in connection with the bill of review were rendered in the underlying cause after the trial court had lost plenary power. *See 1985 Chevy II*, 778 S.W.2d at 465. On review, the Texas Supreme Court (a) vacated all of the orders rendered after the trial court's plenary power expired, (b) reinstated the original judgment, and (c) remanded the case for the trial court to reconsider the bills of review. *See id.* This case differs from the *1985 Chevrolet* case in that here, the bill-of-review proceeding was not simply redocketed into the original suit; it retained its separate existence, and the orders rendered in that proceeding are not properly before us for review. We accordingly dispose only of the case before us, and we express no opinion about the propriety or effect of the trial court's orders in the separate bill-of-review proceeding.

### III. CONCLUSION

Because the trial court lacked plenary power to render the amended judgment in cause number 1004469, we declare the amended judgment void. We dismiss this appeal without reaching Jefferson's remaining issues.

/s/     Tracy Christopher
         Justice

Panel consists of Justices Christopher, Donovan, and Wise.