

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00404-CV

———————————————

RICHARD BRIAN CANNON, Appellant

V.

LOIS ESTELL CANNON, Appellee

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. CCL2-CV2021-1067

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Richard Brian Cannon appeals from the trial court's judgment dismissing his equitable bill-of-review petition that sought to set aside a family-violence protective order. Richard raises nine issues, many of which contain multiple sub-issues. Because Richard failed to make a prima facie showing of a meritorious ground of appeal in the underlying action—which is dispositive of this appeal—we will affirm the trial court's judgment.

## I. Background

In early September 2020, Richard and his wife, Appellee Lois Estell Cannon, separated and stopped living together as husband and wife. On September 14, 2020, the Wichita County Criminal District Attorney's Office filed on Lois's behalf an application for a family-violence protective order against Richard. That same day, the trial court signed a "Temporary Ex Parte Protective Order and Show Cause Order," which, among other things, ordered Richard to appear before the trial court on September 28, 2020, at 3:00 p.m. to show cause why the trial court should not issue a final protective order. The trial-court clerk issued a "Notice of Application for a Protective Order," which also directed Richard to appear before the trial court on September 28, 2020. On September 16, 2020, Richard was served with copies of the protective-order application, the notice of the application, and the temporary ex parte protective order.

Richard appeared pro se at the September 28, 2020 protective-order hearing, and when the trial court asked Richard if he was ready to proceed, he answered, "Yes." At no point during the hearing did Richard complain that he did not have notice of the hearing, ask for a continuance, or object to proceeding with the hearing. Lois and Richard testified, and Richard cross-examined Lois. At the hearing's conclusion, the trial court granted the protective-order application and signed a final protective order. Richard did not move for a new trial or file an appeal.

On May 19, 2021, Richard, who was no longer pro se, timely filed a petition for equitable bill of review seeking to set aside the protective order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051; Tex. R. Civ. P. 329b(f); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). He admitted that he was served with the protective-order application, the temporary ex parte protective order, and "service documents" prepared by the trial-court clerk—the notice of the application, a certification by the trial-court clerk,[1] and the return of service—but asserted that the service documents were constitutionally defective under the due-process clauses of the U.S. and Texas Constitutions for several reasons, including because they did not provide him notice that the September 28, 2020 hearing was a show-cause hearing.[2] He also complained

---

[1]The trial-court clerk certified that "the foregoing is a true and correct copy of the original save and except the Fiat of the Judge, in the above[-]styled cause, now on file in this office."

[2]All references to the bill-of-review petition are to Richard's amended petition, which was the live pleading at the time the trial court dismissed the case.

that the trial court failed to give him Fifth Amendment warnings at the protective-order hearing and that Lois lied in her protective-order application and under oath at the hearing. According to Richard's petition, his meritorious defense to the underlying action was that he did not commit family violence as alleged and that Lois was the aggressor. He claimed that the deficient notice from the trial-court clerk and Lois's perjury prevented him from presenting this defense. He further claimed that because of the alleged due-process violation—deficient notice from the trial-court clerk—he was not required to show a meritorious defense or justification for his failure to assert that defense and was required to show only that his own fault or negligence did not contribute to the lack of proper notice.

Lois, through the Wichita County DA and her attorney, specially excepted to Richard's bill-of-review petition and moved to dismiss it. Lois argued, among other things, that Richard had failed to allege facts establishing the prerequisites for granting a bill of review after a trial on the merits: (1) a prima facie meritorious ground for a new trial or an appeal; (2) which the bill-of-review plaintiff was prevented from making by accident, fraud, or wrongful act of the opposing party or by official mistake; (3) unmixed with any fault or negligence on the part of the bill-of-review plaintiff. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243–46 (Tex. 1974). After the trial court held a final hearing on Richard's bill-of-review petition—at which Richard testified, introduced six exhibits into evidence, and argued his petition's

merits—the trial court dismissed Richard's bill-of-review petition and made findings of fact and conclusions of law.

Richard timely moved for a new trial in which he argued for the first time that the Texas Family Code's family-violence protective-order statutory scheme[3] denies the party responding to a protective-order application necessary and fundamental substantive and procedural protections afforded by the United States Constitution's Fifth and Fourteenth Amendments and by Article I, Section 19 of the Texas Constitution. The motion was overruled by operation of law, and Richard timely appealed.[4]

## II. Richard's Issues

Richard raises nine issues:

1. The trial court erred by dismissing his bill-of-review petition;

---

[3] *See generally* Tex. Fam. Code Ann. §§ 71.001–.007, 81.001–.011, 82.001–.043, 83.001–.007, 84.001–.006, 85.001–.065.

[4] The protective order expired on September 28, 2022. Generally, a case becomes moot, and thus unreviewable, when it appears that a party seeks to obtain relief on some alleged controversy when in reality none exists. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a case becomes moot, the parties lose their standing to maintain their claims. *Id.* But under the collateral-consequences exception to the mootness doctrine, the protective order's expiration does not render Richard's appeal moot, and we will therefore review the merits of Richard's appeal. *See, e.g.*, *Lancaster v. Lancaster*, No. 01-14-00845-CV, 2015 WL 9480098, at *1 n.1 (Tex. App.—Houston [1st Dist.] Dec. 29, 2015, no pet.) (mem. op.); *Finley v. Finley*, No. 02-11-00045-CV, 2015 WL 294012, at *2 (Tex. App.—Fort Worth Jan. 22, 2015, no pet.) (per curiam) (mem. op.).

2. Lois's dismissal motion was not a proper vehicle through which the trial court could dismiss Richard's bill-of-review petition;

3. The Family Code's family-violence protective-order statutory scheme denies the party responding to a protective-order application necessary and fundamental procedural- and substantive-due-course-of-law protections under Article I, Section 19 of the Texas Constitution;

4. Family Code Section 84.001(a) violated Richard's procedural- and substantive-due-course-of-law rights under Article I, Section 19 of the Texas Constitution;

5. Family Code Section 82.041(b) violated Richard's procedural- and substantive-due-course-of-law rights under Article I, Section 19 of the Texas Constitution;

6. The Family Code's family-violence protective-order statutory scheme denies the party responding to a protective-order application necessary and fundamental procedural- and substantive-due-process protections under the Fifth and Fourteenth Amendments of the United States Constitution;

7. Family Code Section 84.001(a) violated Richard's procedural- and substantive-due-process rights under the Fifth and Fourteenth Amendments;

8. Family Code Section 82.041(b) violated Richard's procedural- and substantive-due-process rights under the Fifth and Fourteenth Amendments; and

9. The trial court's findings of fact and conclusions of law are unsupported by the law and the facts.

### III. Applicable Law and Standard of Review

After a trial court's plenary power has expired, a trial court cannot set aside a judgment except by bill of review filed within the time allowed by law. Tex. R. Civ. P. 329b(f); *see State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989). A bill of review is an equitable action brought by a party to a prior suit who seeks to set

6

aside a judgment that can no longer be challenged by a motion for new trial or on appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)).

A bill of review is a direct attack on the prior judgment. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). To prevail, a bill-of-review petitioner must normally plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by official mistake or the fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 96 (citing *Baker*, 582 S.W.2d at 406–08). But when, as here, the bill-of-review petitioner actually participated in the underlying trial,[5] these elements are slightly different. *See Petro-Chem. Transp.*, 514 S.W.2d at 245–46. A bill-of-review petitioner who fully participated at trial but did not timely move for a new trial or timely perfect an appeal must plead and prove the following to obtain relief:

(1) he failed to timely move for a new trial or to otherwise advance an appeal of the trial court's judgment;

(2) his failure to do so was caused by an official mistake or by the fraud, accident, or wrongful act of the opposing party;

(3) his failure to act was unmixed with any fault or negligence on his part; and

(4) he has a meritorious ground of appeal.

---

[5]Richard admits that the protective order was not a default judgment and that he participated in the protective-order hearing.

*See id.* at 243–46; *see also Ledbetter v. State*, No. 2-03-058-CV, 2004 WL 1799847, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op.); *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.).

In support of the meritorious-ground-of-appeal element, a bill-of-review petitioner "must allege, with particularity, sworn facts sufficient to constitute a meritorious ground of appeal." *In re Marriage of Dixon*, No. 12-10-00384-CV, 2011 WL 2119647, at *2 (Tex. App.—Tyler May 25, 2011, no pet.) (mem. op.) (citing *1985 Chevrolet Pickup Truck*, 778 S.W.2d at 464; *Petro-Chem. Transp.*, 514 S.W.2d at 241). "A meritorious ground of appeal means a claim that would likely be a successful point of error in the court of appeals." *Thompson*, 149 S.W.3d at 164 (citing *McDaniel v. Hale*, 893 S.W.2d 652, 672 (Tex. App.—Amarillo 1994, writ denied) (op. on reh'g)). Stated slightly differently, "[a] meritorious ground of appeal is one that, had it been presented to the appellate court, might, and probably would, have caused the judgment to be reversed." *In re B.G.*, No. 01-09-00579-CV, 2010 WL 3722870, at *3 (Tex. App.—Houston [1st Dist.] Sept. 23, 2010, pet. denied) (mem. op.) (citing *Petro-Chem. Transp.*, 514 S.W.2d at 245); *see Bales v. Bales*, No. 2-06-411-CV, 2007 WL 2963703, at *2 (Tex. App.—Fort Worth Oct. 11, 2007, no pet.) (per curiam) (mem. op.) (same).

The petitioner must, as a pretrial matter, present prima facie proof to support his claim of a meritorious ground of appeal. *See Petro-Chem. Transp.*, 514 S.W.2d at 245–46. At this initial hearing, the only relevant inquiry is whether the petitioner has

made a prima facie showing of a meritorious ground of appeal. *See Rich v. Cooley*, No. 05-05-00912-CV, 2006 WL 2106715, at *2 (Tex. App.—Dallas July 31, 2006, no pet.) (mem. op.); *Thompson*, 149 S.W.3d at 165. If the petitioner does not make a prima facie showing, the trial court may dismiss the case without conducting a trial. *B.G.*, 2010 WL 3722870, at *3; *Bales*, 2007 WL 2963703, at *2; *Rich*, 2006 WL 2106715, at *2. Whether the petitioner has made the required prima facie showing is a legal question. *Ramsey v. State*, 249 S.W.3d 568, 574 (Tex. App.—Waco 2008, no pet.); *Bales*, 2007 WL 2963703, at *2.

Generally, we review a trial court's bill-of-review ruling for an abuse of discretion. *E.g.*, *Sparlin v. Gomez*, No. 02-20-00236-CV, 2021 WL 4205058, at *1 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.). But the determination of whether a bill-of-review petitioner made a prima facie showing of a meritorious ground of appeal is a legal question that we review de novo. *See Ramsey*, 249 S.W.3d at 574.

Here, the trial court made findings of fact and conclusions of law. A trial court's fact-findings have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). As with jury findings, a trial court's fact-findings on disputed issues are not conclusive, and, when the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.

1994). We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings. *Catalina*, 881 S.W.2d at 297.

Unchallenged fact-findings are entitled to the same weight as a jury's verdict and are binding on an appellate court unless either the contrary is established as a matter of law or no evidence supports the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 902 & n.4 (Tex. App.—Fort Worth 2008, no pet.). In other words, we defer to unchallenged fact-findings that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

We may review conclusions of law to determine their correctness based upon the facts, but we will not reverse because of an erroneous conclusion if the trial court rendered the proper judgment. *City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)); *City of Forest Hill v. Benson*, 555 S.W.3d 284, 289 (Tex. App.—Fort Worth 2018, no pet.). That is, because a trial court's conclusions of law are not binding on us, we will not reverse a trial court's judgment based on an incorrect conclusion of law when the controlling findings of fact support the judgment on a correct legal theory. *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 127 (Tex. App.—Fort Worth 2016, no pet.); *Wise Elec. Coop., Inc. v. Am. Hat Co.*, 476 S.W.3d 671, 679 (Tex. App.—Fort Worth 2015, no pet.).

## IV. The Protective Order's Validity

As part of his first issue, Richard argues that the protective order was void for lack of personal jurisdiction because he was not provided with sufficient or proper notice of the temporary ex parte protective order and the protective-order hearing due to technical defects in the service documents prepared by the trial-court clerk. He specifically complains that because of these defects, he had no notice that he was to appear *and show cause* at the protective-order hearing and thus was not properly served with process, violating his due-process and due-course-of-law rights.

"If service of process is defective, the trial court fails to acquire jurisdiction over the person served." *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied). A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is thus void and may be challenged at any time. *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012). "Whether personal jurisdiction exists is a question of law that we review de novo." *J.O. v. Tex. Dep't of Fam. & Protective Servs.*, 604 S.W.3d 182, 187 (Tex. App.—Austin 2020, no pet.).

Here, the trial court concluded in relevant part as follows:

- "A defendant may, in person, enter an appearance in open court."

- "Every appearance, prior to judgment, not in compliance with the special appearance rule (Rule 120a of the Texas Rules of Civil Procedure) is a general appearance."

11

- "A general appearance shall have the same force and effect as if citation had been duly issued and served as provided by law."

- "For defects in personal jurisdiction to violate due process, there must be a complete failure or lack of service rather than merely technical defects in service."

- "On September 28, 2020, Richard . . . appeared in person in the County Court at Law #2 and entered a general appearance in [the underlying cause]."[6]

- "The final order dated September 28, 2020, granting Lois Estell Cannon's application for a protective order against Richard Brian Cannon was a valid judgment because . . . [t]he court had jurisdiction over the parties."

Any defect in service is cured by a general appearance. *See* Tex. R. Civ. P. 120 (providing that a defendant may, in person or by an attorney, enter an appearance in open court and that the appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law"). "[A] party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). Here, Richard does not dispute that he appeared at the protective-order hearing and announced "ready." Nor does he dispute that he

---

[6]Although whether Richard entered a general appearance is a legal conclusion, the trial court classified this statement as a finding of fact. The trial court mislabeled several fact-findings as legal conclusions. But the trial court's designation is not controlling, and we may treat "fact-findings" that are actually legal conclusions as such. *See Nikolai v. Strate*, 922 S.W.2d 229, 237 n.1 (Tex. App.—Fort Worth 1996, writ denied).

questioned Lois, objected on several occasions to her testimony, and testified at the hearing. The trial court thus correctly concluded that Richard generally appeared, and we conclude that Richard consequently waived his personal-jurisdiction complaint based on lack of proper service. *See, e.g.*, *In re M.D.M.*, 579 S.W.3d 744, 761 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *In re R.A.G.*, 545 S.W.3d 645, 655 (Tex. App.—El Paso 2017, no pet.); *In re D.M.B.*, 467 S.W.3d 100, 103–04 (Tex. App.—San Antonio 2015, pet. denied). The trial court therefore correctly concluded that the protective order was a valid judgment. We accordingly overrule Richard's void-judgment complaint.

## V. The Trial Court's Dismissal of Richard's Bill-of-Review Petition

In his first issue, Richard argues that the trial court abused its discretion by dismissing his bill-of-review petition. In support of this argument, Richard complains that the trial court failed to conduct a pretrial hearing to give him the opportunity to present prima facie proof of a meritorious ground for appeal[7] and that the trial court sua sponte considered Lois's dismissal motion at the bill-of-review hearing. In his second issue, Richard complains that Lois's dismissal motion was an improper legal

---

[7]In his bill-of-review petition and on appeal, Richard argues that he has a meritorious defense to the underlying cause of action. But when, as here, a bill-of-review petitioner fully participated in the trial, he must prove a meritorious ground of appeal in lieu of a meritorious defense. *See, e.g.*, *Ramsey*, 249 S.W.3d at 573 (citing *Petro-Chem.*, 514 S.W.2d at 245); *Thompson*, 149 S.W.3d at 164 (same).

vehicle through which the trial court could dismiss his bill-of-review petition. We address each of these arguments in turn.

As noted, a bill-of-review petitioner must, as a pretrial matter, present prima facie proof to support his claim of a meritorious ground of appeal.[8] *See Petro-Chem. Transp.*, 514 S.W.2d at 245–46. At this initial hearing, the only relevant inquiry is whether the petitioner has made a prima facie showing of a meritorious ground of appeal. *See Rich*, 2006 WL 2106715, at *2; *Thompson*, 149 S.W.3d at 165. If the petitioner does not make a prima facie showing, dismissal is proper. *See B.G.*, 2010 WL 3722870, at *3; *Bales*, 2007 WL 2963703, at *2; *Rich*, 2006 WL 2106715, at *2.

---

[8]Richard asserts that because he is claiming a procedural and substantive due-process violation—lack of proper service and notice to appear and show cause at the protective-order hearing—he is required to show only that "no fault or negligence on the plaintiff's part contributed to the lack of service or notice." *See, e.g.*, *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (explaining that when a bill-of-review petitioner claims a due-process violation for no service of process or notice of a default judgment, it is relieved from proving the first two bill-of-review elements and "must only prove that its own fault or negligence did not contribute to cause the lack of service or notice" (citing *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012))). But Richard is once again attempting to prove the wrong bill-of-review elements. Because he fully participated in the trial, he must show that his failure to timely move for a new trial or to otherwise advance an appeal of the trial court's judgment (1) was caused by an official mistake or by the fraud, accident, or wrongful act of the opposing party and (2) was unmixed with any fault or negligence on his part. *See, e.g.*, *Petro-Chem. Transp.*, 514 S.W.2d at 243–46; *Ledbetter*, 2004 WL 1799847, at *2; *Thompson*, 149 S.W.3d at 164. Richard does not claim that he did not receive service or notice of the protective order.

Here, the trial court did not have a pretrial hearing to determine whether Richard made a prima facia showing of a meritorious ground of appeal and determined all the bill-of-review issues together. A separate, pretrial hearing to determine whether a bill-of-review petitioner has prima facie proof of a meritorious ground for appeal is a suggested procedure;[9] it is not required. *See, e.g.*, *Ramsey*, 249 S.W.3d at 575–76; *Thompson*, 149 S.W.3d at 165; *Ortmann v. Ortmann*, 999 S.W.2d 85, 88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). As the petitioner, Richard had the burden to plead and prove all the bill-of-review elements, including a meritorious ground of appeal. He admits that the hearing was noticed as a "final hearing" on his bill of review. He was thus on notice that he had to prove his case. We therefore cannot characterize the trial court's consideration of Lois's dismissal motion—which attacked the grounds raised in Richard's bill-of-review petition—as having been sua sponte.

Richard pleaded that his meritorious ground of appeal was "that he did not commit the family violence as alleged. In fact, the testimony will show that Lois has been the aggressor during the marriage, and has made multiple demonstrably-false reports of family violence in several jurisdictions, and has been convicted of family violence in at least one jurisdiction." This, along with Richard's testimony and

---

[9]This preliminary hearing is sometimes referred to as a *Baker* hearing. *See, e.g.*, *Maree v. Zuniga*, 502 S.W.3d 359, 363 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Baker*, 582 S.W.2d at 408–09).

evidence offered at the bill-of-review hearing, suggest that Richard wants to relitigate the underlying case. This is not a meritorious ground for appeal. As one of our sister courts has observed,

> A bill of review does not lie where the facts and issues urged as a defense to the original suit existed and were within the knowledge of the petitioner at the time of trial. Equity cannot be invoked to obtain a retrial of issues that were or could have been presented to the trial court.

*Thompson*, 149 S.W.3d at 165–66 (citing *Kelly v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945)).

The determination of whether Richard made a prima facie showing of a meritorious ground of appeal was a preliminary legal question for the trial court, *see Ramsey*, 249 S.W.3d at 574; *Bales*, 2007 WL 2963703, at *2, and absent such a showing, Richard was not entitled to equitable relief by bill of review, *see Thompson*, 149 S.W.3d at 166. Richard failed to carry his burden, and the trial court thus properly concluded that Richard's bill-of-review petition should be dismissed. *See B.G.*, 2010 WL 3722870, at *3; *Bales*, 2007 WL 2963703, at *2; *Rich*, 2006 WL 2106715, at *2. And, because dismissal is the proper disposition when a bill-of-review petitioner fails to make prima facie showing of a meritorious ground of appeal, Lois's motion was a permissible legal vehicle through which the trial court could dismiss Richard's petition.

Accordingly, we overrule Richard's first issue without addressing the myriad other arguments he raises in that issue, *see* Tex. R. App. P. 47.1, and we overrule his second issue. Because these two issues are dispositive in our determination of whether

the trial court abused its discretion by dismissing Richard's bill-of-review petition, we need not address Richard's remaining issues. *See id.*

## VI. Conclusion

Having overruled Richard's dispositive issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  February 9, 2023