NO. 07-02-0154-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 2, 2002

_____

In re J.A.G, a CHILD

_____

FROM THE 320th JUDICIAL DISTRICT FOR POTTER COUNTY;

NO. 62386-D; HON. DON EMERSON, PRESIDING

_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Pending before the court is the motion by the Texas Department of Protective and Regulatory Services (TDP) to dismiss the appeal of Leigh Goldsmith for want of jurisdiction. The latter had attempted to appeal from an order signed on January 4, 2002, terminating her parental relationship with J.A.G, a child. The notice of appeal was filed on April 2, 2002.

Since September 1, 2001, statute mandates that appeals from decisions terminating the parent / child relationship be treated as accelerated. TEX. FAM. CODE ANN. §263.405(a) (Vernon Supp. 2002). Applicable rule of procedure, therefore, requires an appellant to file the notice of appeal within 20 days after the judgment or order is signed. TEX. R. APP. PROC. 26.1(b). More importantly, this time period is not extended by timely filed motions

for new trial or other post-judgment motions or requests for findings of fact and conclusions of law. Tex. Fam. Code Ann. §263.405(c).

Here, the final order terminating the parental rights of Goldsmith was signed on January 4, 2002. Thus, her notice of appeal was due on or before January 25, 2002. However, it was not filed until April of 2002. Since a timely motion to extend this time period was not filed and because we lack the authority to modify the deadlines applicable to perfecting an appeal, Tex. R. App. Proc. 2, we cannot entertain the cause.

Accordingly, the motion of the TDP is granted and the cause is dismissed for want of jurisdiction.

Per Curiam

Do not publish.