Opinion issued
December 15, 2011.

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00327-CV

____________

 








Z. H.

 

V.

 

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

 

 

On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 2009-05607J

 

 



MEMORANDUM ORDER








Appellant, Z. H., attempts to appeal from
the trial court’s April 22, 2010 final decree terminating her parental rights
to the minor child who is the subject of this suit and granting sole managing
conservatorship of the minor child to the Department of Family and Protective
Services.  

An appeal
from a judgment terminating parental rights is an accelerated appeal. Tex. Fam. Code Ann. §§ 109.002(a),
263.405(a) (Vernon 2008). In an accelerated appeal, absent a motion to extend
time under Texas Rule of Civil Procedure 26.3, “the deadline for filing a
notice of appeal is strictly set at twenty days after the judgment is signed,
with no exceptions. . . .” In re K.A.F.,
160 S.W.3d 923, 927 (Tex. 2005); see Tex. R. App. P. 26.1(b).  A motion for extension of time to file the
notice of appeal must be filed within fifteen days after the twenty-day
deadline for filing a notice of appeal.  See Tex.
R. App. P. 26.3; K.A.F., 160
S.W.3d at 927.  A motion for new trial
does not extend the appellate deadlines in a case in which the Texas Department
of Family and Protective Services has filed a suit requesting termination of
parental rights. See Tex. Fam. Code Ann. § 263.405(c); In re A.J.K., 116 S.W.3d 165, 167 (Tex.
App.—Houston
[14th Dist.] 2003, no pet.).

Because
the trial court signed the decree on April 22, 2010, appellant’s notice of
appeal was due May 12, 2010.  Appellant
filed her notice of appeal April 21, 2011, which was almost one year after the
decree was signed.  Appellant did not
file a motion for extension of time to file a notice of appeal within the
fifteen-day period.  See Tex. R. App. P.
26.3.  In fact, she did not file any
motion for extension of time. Hence, appellant’s notice of appeal was untimely.  See K.A.F.,
160 S.W.3d at 927.

In the absence
of a timely notice of appeal, we lack jurisdiction over the attempted appeal
and therefore can take no action other than to dismiss the appeal. See Verburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997); see, e .g., In re J.A.G., 92 S.W.3d 539, 539–40
(Tex. App.—Amarillo
2002, no pet.) (dismissing appeal because notice of appeal was not filed within
twenty days after termination order was signed).  

On May
23, 2011, the Department filed a motion to dismiss the appeal as untimely
filed. Appellant did not file a response addressing this issue.  See Tex. R. App. P. 42.3(b) (allowing involuntary dismissal on
any party’s motion).

Accordingly,
appellant’s appeal is
dismissed for want of jurisdiction. See
Tex. R. App. P. 42.3(a), 43.2(f).
 

PER CURIAM

 

Panel consists of Chief Justices Radack and Justices
Bland and Huddle.