**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00780-CV

————————————

## IN THE INTEREST OF J.K.L. AND J.K.L., Children

On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2009-81107

## MEMORANDUM OPINION

Appellant, Brittany Michelle Lindley, attempts to appeal from the trial court's decree of August 9, 2011, terminating her parental rights to the minor children made the subject of this suit. Appellant's notice of appeal, filed September 1, 2011, is untimely. We dismiss.

An appeal from a judgment terminating parental rights is an accelerated appeal. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2011). In an accelerated appeal, absent a motion to extend time under Texas Rule of Civil Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal must be filed within fifteen days after the twenty-day deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.3; *K.A.F.*, 160 S.W.3d at 927. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Because the trial court signed the decree on August 9, 2011, appellant's notice of appeal was due by August 29, 2011. *See* TEX. R. APP. P. 26.1(b); *K.A.F.*, 160 S.W.3d at 927. Appellant, proceeding pro se, filed her notice of appeal on September 1, 2011, which was beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3.

2

As such, a motion for extension of time is implied. *See Verburgt*, 959 S.W.2d at 617–18. Appellant did not, however, offer an explanation for failing to timely file the notice of appeal. *See Jones*, 976 S.W.2d at 677. On March 14, 2012, we advised the parties that, unless appellant, within 10 days, filed with this Court a reasonable explanation for the untimely filing of her notice of appeal, the appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

In the absence of a timely notice of appeal, we lack jurisdiction over the attempted appeal and therefore can take no action other than to dismiss the appeal. *See Verburgt*, 959 S.W.2d at 617; *see, e.g.*, *In re J.A.G.*, 92 S.W.3d 539, 539–40 (Tex. App.—Amarillo 2002, no pet.) (dismissing appeal because notice of appeal was not filed within twenty days after termination order was signed).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.