

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00043-CV

IN THE INTEREST OF A.L.R.M. AND W.N.P.M., CHILDREN

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 83293

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Father seeks to appeal from a trial court order terminating his parental rights to Alan and Wendy.[1]  The final judgment terminating Father's parental rights was signed on August 11, 2017, and Father's notice of appeal was filed on June 15, 2018, just over ten months after the date the judgment was signed.

An appeal from an order terminating parental rights is an accelerated appeal.  TEX. FAM. CODE ANN. § 109.002 (West Supp. 2017), § 263.405(a) (West 2014) (establishing that appeals from final termination orders are accelerated and governed by appellate procedures for accelerated appeals).  Under the Texas Rules of Appellate Procedure, "an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3."  TEX. R. APP. P. 28.1(b).  The Rules further state, "Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."  *Id.*  Rule 26.1(b) requires a notice of appeal to be filed within twenty days of the date the order being appealed was signed.  TEX. R. APP. P. 26.1(b).  Finally, Rule 26.3 provides a fifteen-day grace period for filing a notice of appeal.  TEX. R. APP. P. 26.3.  Specifically, Rule 26.3 gives an appellate court the discretion to extend the time for filing a notice of appeal, but only if, "within 15 days after the deadline for filing the notice of appeal, the party" files (1) the notice of appeal and (2) a motion seeking an extension of time.  *Id.*  The motion is

---

[1] We refer to the children by pseudonyms and to the appellant as "Father" to protect the privacy of the children.  *See* TEX. FAM. CODE ANN. § 109.002(d).

implied in civil cases. *In re G.J.P.*, 314 S.W.3d 217, 221–22 (Tex. App.—Texarkana 2010, pet. denied) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)).

In this case, Father's notice of appeal was due twenty days after the trial court's termination order was signed. *See* TEX. R. APP. P. 26.1(b). The order was signed on August 11, 2017, and the notice of appeal was due on or before August 31, 2017. To invoke Rule 26.3's fifteen-day extension period, Father's notice of appeal would had to have been filed within fifteen days of August 31, 2017, or on or before September 15, 2017. *See* TEX. R. APP. P. 26.3. Father's notice of appeal was filed on June 15, 2018, well past the filing deadline and much too late to take advantage of the extension provision of Rule 26.3.

In a letter dated June 28, 2018, we advised Father of this potential defect in our jurisdiction and afforded him the opportunity to show us how we had jurisdiction notwithstanding the failure to timely perfect the appeal. In a response filed on Father's behalf, appellate counsel conceded that the notice of appeal was untimely and persuasively argued that Father bore no blame in the failure to timely perfect his appeal. Counsel did not, however, offer any legal authority demonstrating how we have jurisdiction to entertain this appeal, and we, likewise, have found no such authority. While we are not unsympathetic to Father's plight, we are not authorized to alter the deadlines for perfecting appeals in civil cases. *See* TEX. R. APP. P. 2; *In re J.A.G.*, 92 S.W.3d 539, 540 (Tex. App.—Amarillo 2002, no pet.). Consequently, Father's notice of appeal was untimely and failed to properly invoke this Court's jurisdiction to hear his appeal.

We dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:    July 12, 2018
Date Decided:      July 13, 2018