

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00001-CV

IN THE INTEREST OF A.G.F.W., A CHILD

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 73540

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

This appeal arises out of a suit affecting the parent-child relationship that has been pending for many years. While it is not clear from the record whether the petition in this case was originally filed in the 6th Judicial District Court of Lamar County, the case was pending in that court for some time. It also appears from the record that the case may have been transferred from the 6th Judicial District Court to the 62nd Judicial District Court of Lamar County at some point, though the exact date is not determinable from the current record. Finally, on September 5, 2018, the case was transferred from the 62nd Judicial District Court to one of the district courts in Parker County, Texas.

On September 24, 2018, Father[1] filed a motion in the 6th Judicial District Court of Lamar County styled "Motion to Correct Plain Errors and Vacate Void Orders" in which Father claimed that all orders entered by the 6th Judicial District Court after November 5, 2014, are void. On October 8, 2018, Father filed a second motion styled "Motion to Correct Plain Errors on Transfer and Vacate Void Orders," which appears to raise issues similar to the September 24 motion. Finally, on December 28, 2018, Father filed a notice of appeal specifically identifying two "case events" from which he sought to appeal: (1) the trial court's presumed denial, by operation of law, of Father's September 24, 2018, motion and (2) the trial court's presumed denial, by operation of law, of Father's October 8, 2018, motion.

---

[1]We refer to the appellant as "Father" to protect the privacy of the child. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).

We may consider a direct appeal only if it is filed within the timetables set out by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1, 26.1. Under these Rules, a notice of appeal must be filed "within 30 days after the judgment is signed." TEX. R. APP. P. 26.1. If a motion for new trial is timely filed in the trial court, then that deadline is extended to "90 days after the judgment is signed." TEX. R. APP. P. 26.1(a)(1). In the absence of a notice of appeal filed within that time frame, this Court has no jurisdiction to consider the appeal.

The trial court's June 21, 2018, Order in Suit to Modify Parent-Child Relationship is the most recent appealable order entered by the 6th Judicial District Court in this record. Even if we were to interpret Father's September 24, 2018, motion as a motion for new trial relating to the trial court's June 21 order, the motion was untimely and did not extend the deadline for filing a notice of appeal from that June 21 order. Thus, Father's notice of appeal from the June 21, 2018, order was due on or before July 23, 2018. Father's notice of appeal was filed well beyond that deadline.

In a letter dated February 12, 2019, we advised Father of this potential defect in our jurisdiction and afforded him the opportunity to show us how we had jurisdiction notwithstanding the failure to timely perfect the appeal. Father filed a response in which he failed to offer any legal authority demonstrating how we have jurisdiction to entertain this appeal, and we, likewise, have found no such authority. We are not authorized to alter the deadlines for perfecting appeals in civil cases. *See* TEX. R. APP. P. 2; *In re J.A.G.*, 92 S.W.3d 539, 540 (Tex. App.—Amarillo 2002, no pet.). Consequently, Father's notice of appeal was untimely and failed to properly invoke this Court's jurisdiction to hear his appeal.

We dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice


Date Submitted: March 5, 2019
Date Decided: March 6, 2019