

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00100-CV

ESTATE OF HOWARD JEFFERSON, JR.

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 41,896-CCL

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On November 3, 2016, Jebreeka Jefferson filed in the probate court of Bowie County, Texas, an application for independent administration and letters of administration of the estate of Howard Jefferson, Jr. On November 15, 2016, after determining that there were contested issues involved, the probate court transferred the case to the County Court at Law of Bowie County. On April 3, 2017, counsel for Rosie Mae Jefferson, Roselyn Jefferson, Demetra Wysinger, and Vetrano Jefferson (the Jeffersons) filed a motion to contest the application to probate estate of Howard Jefferson, Jr., deceased in Bowie County, Texas. In their motion, the Jeffersons argued that the county court at law was without jurisdiction because, prior to his death, the decedent was not domiciled in the State of Texas. On January 24, 2018, and after conducting a hearing on the Jeffersons' motion, the trial court, in its order appointing dependent administrator, denied the Jeffersons' requested relief.

The trial court's January 24, 2018, order denying the Jeffersons' requested relief was a final, appealable order. Thus, the Jeffersons were required to file either a notice of appeal, a motion for reconsideration, or a motion for new trial within thirty days of the January 24, 2018, order. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a). The clerk's record shows that the Jeffersons' notice of appeal was filed on October 25, 2018, a considerable time in excess of the thirty-day requirement.

We note, however, that, on June 21, 2018, Rosie Mae Jefferson filed a plea to the jurisdiction, arguing for a second time that jurisdiction was improper in Bowie County, Texas. On September 25, 2018, the trial court denied the requested relief, stating, "Jurisdiction of this Court

2

was previously ruled upon by Order entered January 24, 2018, and having heard no evidence presented that convinces this Court that it does not have subject matter jurisdiction, the Plea to the Jurisdiction is denied." This is the order the Jeffersons now seek to appeal. Although the October 25, 2018, notice appealing the trial court's denial of Rosie Mae Jefferson's plea to the jurisdiction would have been timely filed, the trial court had already entered a final order on January 24, 2018, disposing of the issue. The time for filing an appeal commenced on that date, and not the latter date.

In a letter dated June 19, 2019, we advised the Jeffersons of this potential defect in our jurisdiction and afforded them the opportunity to show us how we had jurisdiction. The Jeffersons filed a response in which they failed to offer any legal authority demonstrating how we have jurisdiction to entertain this appeal, and we, likewise, have found no such authority.[1] We are not authorized to alter the deadlines for perfecting appeals in civil cases. *See* TEX. R. APP. P. 2; *In re J.A.G.*, 92 S.W.3d 539, 540 (Tex. App.—Amarillo 2002, no pet.). Consequently, the Jeffersons' notice of appeal was untimely and failed to properly invoke this Court's jurisdiction to hear the appeal.

---

[1]In their response, the Jeffersons make the conclusory statement that they were "subjected to due process deprivations, namely lack of notice of proceedings. Consequently, [they] were unaware of the appellate deadline that resulted from the Court's ruling on January 24, 2018."

We dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 1, 2019
Date Decided:       July 12, 2019